**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SUNG KOOK (BILL) HWANG and PATRICK HALLIGAN,<br><br>Defendants. | 22 Cr. 240 (AKH) |

**DEFENDANTS' JOINT PROPOSED REQUESTS TO CHARGE**

Barry H. Berke
Dani R. James
Jordan Estes
Michael Martinez

KRAMER LEVIN NAFTALIS & FRANKEL
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

*Counsel for Defendant Sung Kook (Bill) Hwang*

Mary E. Mulligan
Timothy M. Haggerty
Bonnie M. Baker
Anil Vassanji
Rupita Chakraborty

FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP
7 Times Square
New York, NY 10036
(212) 833-1100

*Counsel for Defendant Patrick Halligan*

## INTRODUCTION

Defendants Bill Hwang and Patrick Halligan, through their undersigned attorneys, respectfully request that the Court accept the following charges as its instructions to the jury.

Defendants respectfully reserve the right to modify these proposed instructions or to submit additional requested instructions as appropriate or necessary to address evidence and testimony adduced at trial or arguments advanced by the government. Defendants further respectfully request the opportunity to make specific objections or request modifications to the Court's proposed charge.

# TABLE OF CONTENTS


**I. INTRODUCTORY INSTRUCTIONS ........ 1**

PROPOSED INSTRUCTION NO. 1 ........ 1

General Requests ........ 1

PROPOSED INSTRUCTION NO. 2 ........ 2

Presumption of Innocence and Burden of Proof ........ 2

PROPOSED INSTRUCTION NO. 3 ........ 3

Reasonable Doubt ........ 3

PROPOSED INSTRUCTION NO. 4 ........ 5

All Parties Are Equal Before the Law ........ 5

PROPOSED INSTRUCTION NO. 5 ........ 7

Rulings on Evidence and Objections ........ 7

PROPOSED INSTRUCTION NO. 6 ........ 10

Do Not Be Swayed by Sympathy or Prejudice ........ 10

PROPOSED INSTRUCTION NO. 7 ........ 11

Direct and Circumstantial Evidence ........ 11

PROPOSED INSTRUCTION NO. 8 ........ 13

Credibility of Witnesses ........ 13

PROPOSED INSTRUCTION NO. 9 ........ 17

Impeachment by Prior Inconsistent Statement ........ 17

PROPOSED INSTRUCTION NO. 10 ........ 18

Defendants' Right Not to Testify (If Applicable) ........ 18

PROPOSED INSTRUCTION NO. 11 ........ 19

Defendant's Testimony (If Applicable) ........ 19

PROPOSED INSTRUCTION NO. 12 ........ 20

Witness with a Plea Agreement ........ 20

PROPOSED INSTRUCTION NO. 13 ........ 22

Expert Witnesses ........ 22

PROPOSED INSTRUCTION NO. 14 ........ 23

Law Enforcement Witnesses (if applicable) ........ 23

PROPOSED INSTRUCTION NO. 15 ........ 24

Audio Recordings and Transcripts (If Applicable) ........ 24

PROPOSED INSTRUCTION NO. 16 .......... 25
Meaning of the Indictment .......... 25
PROPOSED INSTRUCTION NO. 17 .......... 26
Crimes Defined by Statute Only .......... 26
PROPOSED INSTRUCTION NO. 18 .......... 27
Separate Consideration .......... 27
PROPOSED INSTRUCTION NO. 19 .......... 28
Limited Admissibility: Evidence Admitted Against Only One Defendant (If Applicable) .......... 28
PROPOSED INSTRUCTION NO. 20 .......... 29
Large Sums of Money .......... 29
**II. SUBSTANTIVE INSTRUCTIONS .......... 30**
PROPOSED INSTRUCTION NO. 21 .......... 30
Summary of the Charges .......... 30
PROPOSED INSTRUCTION NO. 22 .......... 34
Count One: Racketeering Conspiracy – The Indictment and the Statute .......... 34
PROPOSED INSTRUCTION NO. 23 .......... 35
Count One: Racketeering Conspiracy – Prejudice from the Word "Racketeering" .......... 35
PROPOSED INSTRUCTION NO. 24 .......... 36
Count One: Racketeering Conspiracy – Elements of the Offense .......... 36
PROPOSED INSTRUCTION NO. 25 .......... 37
Count One: Racketeering Conspiracy – First Element – Conspiracy to Violate RICO .......... 37
PROPOSED INSTRUCTION NO. 26 .......... 39
Count One: Racketeering Conspiracy – Second Element – Membership in the Conspiracy .......... 39
PROPOSED INSTRUCTION NO. 27 .......... 42
Count One: Racketeering Conspiracy – Third Element – Agreement to Commit Predicate Acts .......... 42
PROPOSED INSTRUCTION NO. 28 .......... 44
Predicate Act One: Securities Fraud (Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5) .......... 44

PROPOSED INSTRUCTION NO. 29 .......... 45
Predicate Act One: Elements of Title 15 Securities Fraud .......... 45
PROPOSED INSTRUCTION NO. 30 .......... 46
Predicate Act One: First Element - Fraudulent Act .......... 46
PROPOSED INSTRUCTION NO. 31 .......... 51
Predicate Act One: First Element – Manipulative Act or Device .......... 51
PROPOSED INSTRUCTION NO. 32 .......... 55
Predicate Act One: First Element – False and Misleading Statements .......... 55
PROPOSED INSTRUCTION NO. 33 .......... 57
Predicate Act One: Second Element – Knowledge, Intent, and Willfulness .......... 57
PROPOSED INSTRUCTION NO. 34 .......... 58
Predicate Act One: Third Element – Instrumentality of Interstate Commerce .......... 58
PROPOSED INSTRUCTION NO. 35 .......... 60
Predicate Act Two: Securities Fraud (Title 18, United States Code, Section 1348) .......... 60
PROPOSED INSTRUCTION NO. 36 .......... 61
Predicate Act Two: Elements of Title 18 Securities Fraud .......... 61
PROPOSED INSTRUCTION NO. 37 .......... 62
Predicate Act Two: Title 18 Securities Fraud – First Element .......... 62
PROPOSED INSTRUCTION NO. 38 .......... 63
Predicate Act Two: Title 18 Securities Fraud – Second Element .......... 63
PROPOSED INSTRUCTION NO. 39 .......... 64
Predicate Act Two: Title 18 Securities Fraud – Third Element .......... 64
PROPOSED INSTRUCTION NO. 40 .......... 65
Predicate Act Three: Wire Fraud (Title 18, United States Code, Section 1343) .......... 65
PROPOSED INSTRUCTION NO. 41 .......... 66
Predicate Act Three: Elements of Wire Fraud .......... 66
PROPOSED INSTRUCTION NO. 42 .......... 67
Predicate Act Three: Wire Fraud – First Element .......... 67
PROPOSED INSTRUCTION NO. 43 .......... 69
Predicate Act Three: Wire Fraud – Second Element .......... 69

PROPOSED INSTRUCTION NO. 44 .......... 70
Predicate Act Three: Wire Fraud – Third Element .......... 70
PROPOSED INSTRUCTION NO. 45 .......... 72
Multiple Conspiracies .......... 72
PROPOSED INSTRUCTION NO. 46 .......... 74
Count Two: Securities Fraud (Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5) .......... 74
PROPOSED INSTRUCTION NO. 47 .......... 75
Counts Three through Nine: Market Manipulation – Introduction .......... 75
PROPOSED INSTRUCTION NO. 48 .......... 76
Counts Three through Nine: Market Manipulation – Statute .......... 76
PROPOSED INSTRUCTION NO. 49 .......... 77
Counts Three through Nine: Market Manipulation – Elements .......... 77
PROPOSED INSTRUCTION NO. 50 .......... 79
Counts Three through Nine: Market Manipulation – Element One .......... 79
PROPOSED INSTRUCTION NO. 51 .......... 80
Counts Three through Nine: Market Manipulation – Element Two Creating Actual or Apparent Trading in a Security, or Raising or Depressing the Price of a Security, to Create a False Impression of Supply and Demand for the Purpose of Inducing the Purchase of Sale of Such Security .......... 80
PROPOSED INSTRUCTION NO. 52 .......... 84
Counts Three through Nine: Market Manipulation – Element Three .......... 84
PROPOSED INSTRUCTION NO. 53 .......... 85
Count Ten: Securities Fraud (Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5) .......... 85
PROPOSED INSTRUCTION NO. 54 .......... 86
Count Eleven: Wire Fraud .......... 86
PROPOSED INSTRUCTION NO. 55 .......... 87
Good Faith .......... 87
PROPOSED INSTRUCTION NO. 56 .......... 89
Compliance Policies (If Applicable) .......... 89

# I. INTRODUCTORY INSTRUCTIONS

## PROPOSED INSTRUCTION NO. 1

### General Requests

Defendants respectfully request that the Court charge the jury in its usual manner on the following matters.

1. Introductory Remarks and Role of the Court
2. Role of the Jury
3. Role of Counsel
4. What Is and Is Not Evidence
5. Stipulations
6. Charts and Summaries
7. Duty to Deliberate and Reach a Unanimous Verdict
8. Right to See Exhibits and Hear Testimony; Communications with Court
9. Notes
10. Verdict Form
11. Duties of Foreperson
12. Return of Verdict
13. Jury Oath

**PROPOSED INSTRUCTION NO. 2**

**Presumption of Innocence and Burden of Proof**

Now I will instruct you on the presumption of innocence. The law presumes the defendants to be innocent of all charges against them. This is one of the fundamental aspects of our Constitution. No person has to clear himself. It is the job of the government to prove guilt beyond a reasonable doubt. The defendants are presumed by you to be innocent throughout your deliberations until such time, if ever, that each of you is satisfied that the government has proved every element of the charges against the defendants beyond a reasonable doubt. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt after a careful and impartial deliberation of all the evidence in the case.

In this case, Mr. Hwang and Mr. Halligan have pleaded not guilty. In so doing, they have denied the charges in the indictment. Thus, to prevail against Mr. Hwang or Mr. Halligan on a given charge, the government has the burden of proving each element of that charge against each defendant beyond a reasonable doubt. This burden remains with the government throughout the entire trial. This burden never shifts to Mr. Hwang or Mr. Halligan for the simple reason that the law presumes them to be innocent and never imposes upon them the burden or duty of calling any witness or producing any evidence. In other words, Mr. Hwang and Mr. Halligan do not have to prove they are not guilty. If the government fails to sustain its burden of proof on any of the counts against the defendant you are considering, you should find the defendant not guilty of that count.[1]

---

[1] Adapted from Jury Charge at 1223-1224, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 788, *United States v. Guldi*, 19-cr-

**PROPOSED INSTRUCTION NO. 3**

**Reasonable Doubt**

Now the question arises: what, exactly, is a reasonable doubt? The words almost define themselves. It is a doubt a reasonable person has after considering all of the evidence or lack of evidence. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.[2]

The law does not require the government to prove guilt beyond all possible doubt. A reasonable doubt is not a caprice or whim. It is not a speculation or suspicion.[3]

It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt. Mr. Hwang and Mr. Halligan are under no duty to present evidence, nor do you have to accept the testimony of any witness, even one who has not been contradicted or impeached, if you find that witness not to be credible. You must decide which witnesses to believe and which testimony is true. To do this, you must look at all the evidence,

---

00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; 1 L. Sand, *et al.*, Modern Federal Jury Instructions (Criminal), Instr. 4-1 (hereinafter, "Sand").

[2] Adapted from Jury Charge at 1223-1225, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 301-302, *United States v. Oladimeji*, 19-cr-00236 (AKH) (S.D.N.Y. July 13, 2022), ECF No. 50; Sand, Instr. 4-2.

[3] Adapted from Jury Charge at 1223-1225, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 4-2.

drawing upon your own common sense and personal experiences.[4]

If after careful and impartial consideration of all the evidence, or lack of evidence, you have a reasonable doubt as to the guilt of the defendant on the count you are considering, then you must acquit the defendant on the count you are considering. On the other hand, if after fair and impartial consideration of all the evidence, or lack of evidence, you are satisfied of the guilt of the defendant on a count you are considering beyond a reasonable doubt, then you must convict the defendant on that count.

[4] Adapted from Jury Charge at 302, *United States v. Oladimeji*, 19-cr-00236 (AKH) (S.D.N.Y. July 13, 2022), ECF No. 50; Sand, Instr. 4-3.

## PROPOSED INSTRUCTION NO. 4

### All Parties Are Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. You should give no weight whatsoever to the fact that this prosecution is brought in the name of the United States of America. The government is entitled to no greater consideration than that given to any other party to litigation. By the same token, although it bears the burden of proof beyond a reasonable doubt, the government is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice. It is what we mean by equal protection under the law.[5] The question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.[6]

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, gender, sexual orientation, or age. All persons are entitled to the same presumption of innocence, and the government has the same burden of proof with respect to all persons. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The government and the defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach

---

[5] Adapted from Jury Charge at 1225-1226, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 326, *United States v. Oladimeji*, 19-cr-00236 (AKH) (S.D.N.Y. July 13, 2022), ECF No. 50; *United States v. Block*, 1:16-cr-00595 (JPO) (S.D.N.Y. June 27, 2017), ECF No. 111; *United States v. Gupta*, No. 11-cr-907 (JSR), 2012 WL 3879352 (S.D.N.Y. June 18, 2012); Sand, Instr. 2-5.

[6] Adapted from Sand, Instr. 2-5, Comment.

your verdict through a fair and impartial consideration of the evidence or the lack of evidence.[7]

[7] Adapted from Jury Charge at 326, *United States v. Oladimeji*, 19-cr-00236 (AKH) (S.D.N.Y. July 13, 2022), ECF No. 50; Jury Charge at 1263-1264, *United States v. Seabrook*, 1:16-cr-00467 (AKH); (S.D.N.Y. Aug. 14, 2018), ECF No. 251; *United States v. Block*, 1:16-cr-00595 (JPO) (S.D.N.Y. June 27, 2017), ECF No. 111; Sand, Instr. 2-11.

**PROPOSED INSTRUCTION NO. 5**

**Rulings on Evidence and Objections**

The evidence before you consists of answers given by witnesses; that is, their testimony; the exhibits that were received in evidence; and the stipulations of the parties. Your verdict must be based solely upon the evidence developed at trial or the lack thereof.

You may not consider any answer, testimony, or exhibits that I directed you to disregard or that I directed to be stricken from the record or to which I sustained an objection. If an answer was stricken, you must entirely disregard it as though the words were never spoken. If an objection to a question was sustained before the witness answered, you must disregard the question and not speculate or draw any inference from the wording of the question as to what you think the witness might have answered.[8]

A word on objections. You have heard the attorneys objecting in this case. That is their job. I made rulings on those objections. That is my job. But you should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Lawyers not only have the right, but the duty, to make legal objections when they think that such objections are appropriate. Nothing I say is evidence. It does not have any influence on the facts of the case. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation of the evidence that governs.[9]

Also, do not draw any inference from any of my rulings. The rulings I made

---

[8] Adapted from Jury Charge at 1226-1227, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 790-791, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 2-3.

[9] Adapted from Sand, Instr. 2-3.

during trial are no indication of any view on my part. You should not seek to find any such view or opinion on my part, nor should you otherwise speculate as to what I may think.[10]

Further, do not concern yourself with what was said at side bar conferences or during my discussions with counsel. Those discussions related to rulings of law and they are not relevant to your determinations as the judges of the facts.[11]

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. My questions are no more important than the lawyers' questions. It is the witness's answer that matters, not who asked the question.[12]

I do not have an opinion about this case. I do not want to have an opinion, and I should not have an opinion, because that is your job. My job is to tell you the law, and it is your job to deliver the verdict. It is not my job to decide the case. I do not intrude on your function as triers of the facts, and you have to accept my function as instructor of the law.[13]

Finally, the personalities and the conduct of counsel are not in any way in issue.

---

[10] Adapted from Sand, Instrs. 2-3; 2-8.

[11] Adapted from Transcript of Jury Charge at 4017, *United States v. Newman,* 12 Cr. 121(RJS) (S.D.N.Y. Dec. 13, 2012); Sand, Instr. 2-8.

[12] Adapted from Jury Charge at 1261, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 2-3.

[13] Adapted from Jury Charge at 1261, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 834-835, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 2-3.

Whether you feel I like a lawyer or dislike a lawyer has no bearing on anything.[14]

[14] Adapted from Jury Charge at 1261, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 2-9.

## PROPOSED INSTRUCTION NO. 6

### Do Not Be Swayed by Sympathy or Prejudice

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in the case, and the crucial question that you must ask yourselves is this: has the government proved each and every element of the guilt of Mr. Hwang or Mr. Halligan for the crime charged beyond a reasonable doubt?[15]

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.[16]

---

[15] Adapted from Jury Charge at 1263, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1692, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Inst. 2-12.

[16] Adapted from Jury Charge at 1263, *United States v. Seabrook*, 1:16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; *United States v. Parnas*, 1:19-cr-00725 (JPO) (S.D.N.Y. Oct. 22, 2021), ECF No. 245; Sand, Inst. 2-11.

**PROPOSED INSTRUCTION NO. 7**

**Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict: direct and circumstantial.[17]

Direct evidence consists of exhibits admitted into evidence that show facts, or testimony by a witness about something he or she knows by virtue of his or her own senses – something that he or she has done, seen, felt, touched or heard.[18]

Circumstantial evidence is evidence of one fact from which you may infer the existence of other facts. You infer on the basis of reason and experience and common sense from an established fact the existence or nonexistence of some other facts.[19]

So if the blinds were drawn in this room and you could not see outside, and someone comes in with an umbrella that is dripping wet or a raincoat that is wet, you have no direct evidence that it is raining outside, but that is circumstantial evidence that it is raining

---

[17] Adapted from Jury Charge at 1251, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 823-24, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1681, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Instr. 5-2.

[18] Adapted from Jury Charge at 1251-52, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 824, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1681-82, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Instr. 5-2.

[19] Adapted from Jury Charge at 824, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1682, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 1251, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 5-2.

outside.[20]

Circumstantial evidence is of no less value than direct evidence.[21] The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied that the government has proven the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.[22]

[20] Adapted from Jury Charge at 1682, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Instr. 5-2.

[21] Adapted from Jury Charge at 1682-83, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 824, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1252, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 5-2.

[22] Adapted from Jury Charge at 1682-83, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 824-25, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Jury Charge at 1252, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 5-2.

**PROPOSED INSTRUCTION NO. 8**

**Credibility of Witnesses**

Counsel in their openings and in their summations discussed with you if particular witnesses should be believed. You are being called upon to resolve various factual issues in the face of different and irreconcilable pictures painted by the government and the defense.[23]

You will now have to decide if the government has proved guilt beyond a reasonable doubt. An important part of this decision will involve making judgments about the testimony of the witnesses you have listened to and observed.[24]

In making those judgements, you should scrutinize all the testimony of each witness, the circumstances under which each witness testified, and all other matters in evidence which may help you to decide the truth and the importance of each witness's testimony.[25]

There is no magic formula to evaluating evidence. You bring to this courtroom all the experience and background of your lives and your everyday affairs. You determine for yourself every day and in a multitude of circumstances the reliability of statements made to you by others. Use the same tests that you use in your everyday matters in regard to any matter of

---

[23] Adapted from Jury Charge at 1252-53, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1684, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 825, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[24] Adapted from Jury Charge at 1252, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1683-84, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 825-26, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 7-1.

[25] Adapted from Jury Charge at 1252-53, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1684, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 826, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 7-1.

importance for these will be the tests that you should apply in your deliberations.[26]

Your decision on whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, and forthright? Did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way in which the witness testified on direct examination compare with the way in which the witness testified on cross-examination? Was the witness's testimony consistent or contradictory? Did the witness appear to know what the witness was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately?[27]

You are to consider if the witness testified inconsistently with something said at some earlier time. If a person says one thing at one time and another thing at another time, you may consider such inconsistency on the issue of credibility.[28]

Though, as you know, not everybody is consistent. You should consider if the inconsistency was as to an important matter or an unimportant matter. Use your common sense

[26] Adapted from Jury Charge at 1253, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1683-84, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 826, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[27] Adapted from Jury Charge at 1253, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1684, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 826-27, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand, Instr. 7-1.

[28] Adapted from Jury Charge at 1253-54, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1685, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 827, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

to decide the credibility of the witness.[29]

In evaluating the credibility of the witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.[30] If you find that a witness has willfully testified falsely as to a material fact, you have the right to reject the testimony of the witness in its entirety. Alternatively, even if you find that a witness has testified falsely or inaccurately about one matter, you may reject as false or inaccurate that portion and accept as true any other portion of the witness's testimony that recommends itself to your belief or which you may find corroborated by other evidence in the case. This rule applies equally to statements made during recorded conversations.[31]

So what you will do with all of this in judging credibility is to size up a person in light of his or her demeanor, the explanations given, and all the other evidence in the case, just as you would do in any important matter when you are trying to decide if a person is truthful,

---

[29] Adapted from Jury Charge at 1254, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1685, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 827, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[30] Adapted from Sand, Instr. 7-3; *see United States v. Solano*, 966 F.3d 184, 197 (2d Cir. 2020) (holding, in case in which defendant testified, that it is plain error to instruct jury that "a witness's interest in the outcome of the case . . . . creates a motive on the part of the witness to testify falsely . . . and . . . that this applies to any witness") (internal quotation marks and citations omitted).

[31] Adapted from Jury Charge at 1255, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1686, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 828, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

straightforward, and accurate in that person's recollection.[32]

You are not required to accept the testimony of a witness that is not contradicted or to credit a witness who was not impeached. You may decide not to credit the testimony of a witness based simply on your evaluation of their testimony. In deciding the question of credibility, use your common sense, your good judgment, and your experience.[33]

[32] Adapted from Jury Charge at 1255-56, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1686, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 828, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[33] Adapted from Jury Charge at 1256, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 1686-87, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503.

## PROPOSED INSTRUCTION NO. 9

**Impeachment by Prior Inconsistent Statement**

Here, you have heard evidence that witnesses made statements on earlier occasions that counsel argue are inconsistent with the witnesses' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendants' guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.[34]

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.[35]

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness testimony.[36]

---

[34] Adapted from Sand, Instr. 7-19.

[35] Adapted from Sand, Instr. 7-19.

[36] Adapted from Sand, Instr. 7-19.

**PROPOSED INSTRUCTION NO. 10**

**Defendants' Right Not to Testify (If Applicable)**[37]

Mr. Hwang and Mr. Halligan did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial. It exists in the jury room. It never shifts to a defendant because a defendant cannot be found guilty unless and until the government proves guilt beyond a reasonable doubt. A defendant is never required to prove that he is not guilty. That is a basic constitutional right.

Do not attach any significance to the fact that the defendants did not testify. You may not draw an adverse inference against either of them because they did not take the witness stand. You may not consider this against the defendants in any way in your deliberations in the jury room.

[37] Adapted from Jury Charge at 1260, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Jury Charge at 833, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

**PROPOSED INSTRUCTION NO. 11**

**Defendant's Testimony (If Applicable)**[38]

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, Mr. Hwang and Mr. Halligan did testify, and they were each subject to cross-examination like any other witness. You should examine and evaluate their testimony just as you would the testimony of any other witness in this case.

You should not disregard a defendant's testimony simply because he is charged as a defendant in this case. The fact that Mr. Hwang and Mr. Halligan elected to testify does not shift the burden of proof to them. The burden remains at all times on the government to prove the elements of the offense beyond a reasonable doubt. As I stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or of producing any evidence.

[38] Adapted from Jury Charge at 1893, *United States v. Contorinis,* No. 09-cr-1083 (RJS) (S.D.N.Y. Oct. 4, 2010); *see also* Jury Charge at 8868, *United States v. Daugerdas*, No. 09-cr-581 (WHP) (S.D.N.Y. May 12, 2011); Jury Charge at 3227, *United States v. Bankman-Fried*, No. 22-cr-673 (S.D.N.Y. Nov. 2, 2023); Sand, Instr. 7-4.

## PROPOSED INSTRUCTION NO. 12

### Witness with a Plea Agreement

You have heard from certain witnesses who testified pursuant to a cooperation agreement with the government. You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the government, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.[39]

However, you must not draw any conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that a cooperating witness pled guilty to crimes that may be similar or related to the crimes charged against the defendants. That cooperating witness's decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendants.[40]

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of a

---

[39] Adapted from Sand, Instr. 7-8; Jury Charge at 773, *United States v. Claxton*, No. S1 20-cr-631-AKH (S.D.N.Y. June 30, 2022), ECF No. 325; *see also United States v. Vaughn*, 430 F.3d 518, 522-23 (2d Cir. 2005); *United States v. Santana*, 503 F.2d 710 (2d Cir. 1974).

[40] Adapted from Sand, Instr. 7-10; *see also United States v. Ramirez*, 973 F.2d 102, 105 (2d Cir. 1992) ("This court has clearly stated that when a jury has been informed that a codefendant has pleaded guilty to a crime charged against the defendant on trial, the trial judge should instruct the jury that they may not consider that guilty plea as evidence of the defendant's guilt.").

cooperating witness. You should ask yourselves whether Mr. Tomita or Mr. Becker would benefit more by lying or by telling the truth. Was either witness's testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was this motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony? In sum, you should look at all of the evidence, or lack of evidence, in deciding what credence and what weight, if any, you will give to the cooperating witness's testimony.[41]

[41] Adapted from Jury Charge at 775, *United States v. Claxton*, No. S1 20-cr-631-AKH (S.D.N.Y. June 30, 2022), ECF No. 325; Jury Charge at 3366, *United States v. Gupta*, No. 11-cr-907 (JSR) (S.D.N.Y. June 14, 2012).

## PROPOSED INSTRUCTION NO. 13

### Expert Witnesses[42]

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

---

[42] Adapted from Sand, Instr. 7-21; Jury Charge at 1350, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90.

**PROPOSED INSTRUCTION NO. 14**

**Law Enforcement Witnesses (if applicable)**

You have heard the testimony of a witness who was a law enforcement officer during the events at issue in this trial. The fact that a witness is or was employed by the government does not mean that his or her testimony deserves more or less consideration, or greater or lesser weight, than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give that testimony whatever weight you find it deserves.[43]

---

[43] Adapted from Jury Charge at 240-41, *United States v. Mosley*, No. 1:16-cr-00079 (ER), (S.D.N.Y. Nov. 14, 2017), ECF No. 148; Jury Charge at 187-88, *United States v. Scott*, No. 17-cr-630 (ER) (S.D.N.Y. Nov. 20, 2019), ECF No. 207; *see also* Sand, Instr. 7-16.

**PROPOSED INSTRUCTION NO. 15**

**Audio Recordings and Transcripts (If Applicable)**

The evidence in this case included one or more audio recordings. You must give the audio recordings your full consideration, along with all the other evidence in the case, as you determine whether the government has proved the defendants' guilt beyond a reasonable doubt. You must do that even if you disapprove of the way in which the evidence was collected.[44]

In connection with these recordings, the government and the defense were permitted to hand out transcripts prepared by the prosecution and defense teams. The transcripts were given to you as an aid to assist you in listening to the tapes. The transcripts are not, however, evidence. Therefore, when the recordings were played, I advised you to listen carefully to the recordings themselves. You must make your own determination of what appears on the recordings based on what you heard. If you heard something different than what appears in the transcripts, what you heard is controlling.[45]

---

[44] Adapted from Jury Charge at 21, *United States v. Stewart,* No. 15 Cr. 287 (LTS) (S.D.N.Y. Aug. 11, 2016), ECF No. 174.

[45] Adapted from Jury Charge at 21, *United States v. Stewart,* No. 15 Cr. 287 (LTS) (S.D.N.Y. Aug. 11, 2016), ECF No. 174; Sand, Instr. 5-9.

**PROPOSED INSTRUCTION NO. 16**

**Meaning of the Indictment**

Mr. Hwang and Mr. Halligan are charged in an indictment. The indictment is not evidence. It can be given no weight or significance whatsoever. The indictment is simply a method or procedure under the law whereby a person accused of a crime by a grand jury is caused to come to court to have their case tried by a jury such as yourselves. The indictment must be given no evidentiary value. It is only an accusation. In reaching your determination whether the government has proved the defendants guilty beyond a reasonable doubt, consider only the evidence, not the indictment.[46]

[46] Adapted from Jury Charge at 1237, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251; Sand, Instr. 3-1.

## PROPOSED INSTRUCTION NO. 17

### Crimes Defined by Statute Only

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the individual statutes and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is a crime only if that conduct is defined as a crime by a statute. A feeling that something wrong has been done is insufficient to convict either defendant of any charge. Remember, not every instance of unfairness or sharp business practice constitutes a crime. Instead, you are required to break each count down to the elements and determine if the government has or has not met its burden of proving the guilt of the defendant at issue beyond a reasonable doubt as to each one of those elements.[47]

[47] Adapted from Jury Charge at 128-29, *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Oct. 23, 2013), ECF No. 931 ("In our system we only have crimes that are defined by statute. The fact that something may be repugnant to you or may be something that you think is morally wrong is of no interest . . . . Some feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever."); *see also* Jury Charge at 103, *United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95 (similar); Jury Charge at 39, *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462 ("A feeling that something wrong has been done is insufficient to support a criminal conviction, and not every instance of unfairness or sharp business practice constitutes a federal crime.").

## PROPOSED INSTRUCTION NO. 18

**Separate Consideration**

Each defendant in this case has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is not guilty or guilty, should not determine your decision on any other charge.[48]

Even though the defendants are being tried together, you must consider each defendant, and the evidence concerning that defendant, separately. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against another defendant. Your decision concerning one defendant with respect to any charge, whether it is not guilty or guilty, should not influence your decision concerning any other defendant or any other charge.[49]

[48] Adapted from 7th Cir. Crim. Pattern Jury Instrs. 4.06 – Separate Consideration—One Defendant Charged with Multiple Crimes (2020).

[49] Adapted from 7th Cir. Crim. Pattern Jury Instrs. 4.07 – Separate Consideration—Multiple Defendants Charged with Multiple or Same Crimes (2020); *see also* 9th Cir. Crim. Pattern Jury Instrs. 1.13—Separate Consideration for Each Defendant.

## PROPOSED INSTRUCTION NO. 19

**Limited Admissibility: Evidence Admitted Against Only One Defendant (If Applicable)**

You heard certain evidence regarding (define as applicable). You can consider (this testimony)(this exhibit) only in the case against (defendant). You must not consider that evidence in the case against (other defendant). Each defendant is entitled to have his case decided just on the evidence which applies to him.

**PROPOSED INSTRUCTION NO. 20**

**Large Sums of Money**

The testimony and the exhibits in this trial were connected with large sums of money – but that fact alone has nothing to do with whether or not the government has proven the elements of the charged offenses beyond a reasonable doubt.

The fact that the charges in this case may have involved large sums of money does not mean that the defendants are held to a greater standard of conduct than had the case involved smaller sums of money.

The presumption of innocence applies to every defendant in every case equally without regard to the amount of money involved.[50]

---

[50] Adapted from Jury Charge at 58-59, *United States v. Ghavami et al.*, No. 10-cr-1217 (KMW) (S.D.N.Y. Aug. 29, 2012), ECF No. 278.

## II. SUBSTANTIVE INSTRUCTIONS

### PROPOSED INSTRUCTION NO. 21

### Summary of the Charges

With these preliminary instructions in mind, let us turn to the specific charges (or "counts") as they are sometimes called. There are ten[51] counts in the indictment. I will, at times, refer to each count by the number assigned to it in the indictment. You should know that there is no significance to the order of these numbers or the specific number of charges or counts.[52] To help you, we prepared a verdict form, which will give you the format to record your unanimous vote on each of the particular counts that are involved here.[53]

First, let me tell you what is alleged in the indictment. These are the accusations against the defendants that the government must prove beyond a reasonable doubt.[54] You must consider each count of the indictment separately, and you must return a unanimous verdict on each count to which the defendants have been charged. Your verdict as to one count, or one

---

[51] Mr. Hwang and Mr. Halligan filed a motion together with these Requests to Charge and Verdict Form seeking dismissal of Count Eleven as contrary to the Supreme Court's unanimous decision in *Ciminelli v. United States*, 598 U.S. 306, 317 (2023) (reversing wire fraud convictions based on "right to control" theory).

[52] Adapted from Jury Charge at 21-22, *United States v. Parnas*, 1:19-cr-00725 (JPO) (S.D.N.Y. Oct. 22, 2021), ECF No. 245.

[53] Adapted from Jury Charge at 792, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[54] Adapted from Jury Charge at 792, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

defendant, should not control your decision as to the other counts or the other defendant.[55] You must consider each count and each defendant individually. Mr. Hwang and Mr. Halligan are not charged with committing any crimes other than the offenses contained in the indictment. Mr. Hwang and Mr. Halligan have denied that they are guilty of these charges.[56]

Count One charges Mr. Hwang and Mr. Halligan with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, or "RICO." This means that the defendants have been charged with agreeing with others to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity. The securities at issue in Count One, which I will refer to as the "At-Issue Securities," include the following:

| **Company** | **Ticker** |
|---|---|
| ViacomCBS | VIAC |
| Discovery Communications, Inc. | DISCA |
| Discovery Communications, Inc. | DISCK |
| GSX Techedu Inc. | GSX |
| iQIYI, Inc. | IQ |
| Tencent Music Group | THE |
| Vipshop Holdings Ltd | VIPS |
| Baidu | BIDU |
| Farfetch | FTCH |
| Texas Capital Bancshares Inc. | TCBI |
| Futu Holdings | FUTU |

[55] Adapted from Jury Charge at 1227, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251.

[56] Adapted from Jury Charge at 791, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159; Sand et al., Instr. 3-3.

| | |
|---|---|
| Rocket Companies, Inc. | RKT |

Count Two charges Mr. Hwang with securities fraud, in violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, namely by engaging in a scheme to fraudulently manipulate the prices of certain securities.

Counts Three through Nine charge Mr. Hwang with market manipulation with respect to particular enumerated securities, in violation of Section 9(a)(2) of the Securities Exchange Act. Specifically, Counts Three through Nine allege that Mr. Hwang engaged in a series of transactions in securities and securities-based swaps relating to certain enumerated securities in order to manipulate the market for those securities. Each count concerns a specific security. Those securities are:

| **Count** | **Company** | **Ticker** |
|---|---|---|
| THREE | ViacomCBS | VIAC |
| FOUR | Discovery Communications, Inc. | DISCA |
| FIVE | Discovery Communications, Inc. | DISCK |
| SIX | GSX Techedu Inc. | GSX |
| SEVEN | iQIYI, Inc. | IQ |
| EIGHT | Tencent Music Group | THE |
| NINE | Vipshop Holdings Ltd | VIPS |

Count Ten charges Mr. Hwang and Mr. Halligan with securities fraud, in violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, namely by engaging in a scheme to defraud Archegos's trading counterparties through false and misleading statements about Archegos's business, portfolio, and assets.

I will now instruct you as to each of these counts in more detail.

## PROPOSED INSTRUCTION NO. 22

### Count One: Racketeering Conspiracy – The Indictment and the Statute

Count One of the indictment charges the defendants with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, or "RICO." This means that the defendants have been charged with conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.[57] The indictment reads as follows:

> From at least in or about 2020, up to and including in or about March 2021, in the Southern District of New York and elsewhere, BILL HWANG and PATRICK HALLIGAN, the defendants, and others known and unknown, being persons employed by and associated with the enterprise described above, namely, the Archegos Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Archegos Enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).[58]

The defendants are charged with violating Section 1962(d) of Title 18 of the United States Code. That section reads as follows: "It shall be unlawful for any person to conspire to violate any of the provisions of section (a), (b), or (c) of this section."[59]

Subsection (c), that I just referred to, provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.[60]

---

[57] Adapted from Sand, Instr. 52-26.

[58] Indictment ¶ 68.

[59] Adapted from Sand, Instr. 52-26.

[60] Adapted from Sand, Instr. 52-26.

## PROPOSED INSTRUCTION NO. 23

**Count One: Racketeering Conspiracy – Prejudice from the Word "Racketeering"**

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of these defendants has been proven beyond a reasonable doubt. The term is only a word used by Congress to describe the statute.[61]

[61] Adapted from Sand, Instr. 52-27; Jury Charge at 2877, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

**PROPOSED INSTRUCTION NO. 24**

**Count One: Racketeering Conspiracy – Elements of the Offense**

In order to prove that the defendants violated Section 1962(d), the government must establish beyond a reasonable doubt each of the following elements of the offense:

First, that there was an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity;

Second, that the defendants knowingly and willfully became members of that agreement; and

Third, that a defendant or another member of the conspiracy agreed to commit two racketeering acts, as I will define that term for you.[62]

[62] Adapted from Sand, Instr. 52-28; *United States v. Laurent*, 33 F.4th 63, 76 (2d Cir. 2022); *United States v. Zemlyansky*, 908 F.3d 1, 11 (2d Cir. 2018)

## PROPOSED INSTRUCTION NO. 25

### Count One: Racketeering Conspiracy – First Element – Conspiracy to Violate RICO

The first element the government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity.[63]

A "conspiracy" is an agreement among two or more persons to accomplish some unlawful object. To show a conspiratorial agreement, the government is not required to prove that two or more people entered into a solemn pact, but only that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful object, whether or not they were successful.[64]

In this case, the unlawful act is the formation of an enterprise whose activities would affect interstate commerce through a pattern of racketeering activity. Let me define these terms for you.

The term "enterprise" means a group of people who have associated together for a common purpose, have an ongoing organization (either formal or informal), and have a core of personnel who function as a continuing unit.[65] However, with respect to this conspiracy offense, the government is not required to prove that the enterprise actually came into existence as long as

---

[63] Adapted from Sand, Instr. 52-29.

[64] Adapted from Sand, Instr. 52-29, Jury Charge at 2880, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

[65] Adapted from Sand, Instr. 52-19S; Jury Charge at 1651, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Jury Charge at 2887, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

it proves beyond a reasonable doubt that if the objective of the conspiracy had been achieved, the enterprise would have been established.[66]

The definition of "interstate commerce" is commerce between two or more states or activities that otherwise affected interstate commerce.[67] Interstate commerce includes the movement of goods, services, money, and individuals between states.[68] Although the government must prove that the enterprise engaged in commerce between two or more states or that its activities otherwise affected interstate commerce, the effect need not be substantial; a minimal effect is enough.[69]

Finally, a "pattern" of racketeering activity consists of at least two specified racketeering acts that, rather than being isolated, are related in the sense of having the same or similar purposes, results, participants, victims, or methods of commission, and that pose a threat of continued racketeering activity in that they were committed as part of the enterprise's ongoing criminal purposes.[70]

To prove that the racketeering acts pose a threat of continued racketeering activity, the government must prove beyond a reasonable doubt that the acts are a regular way of conducting the defendant's ongoing legitimate business.[71]

---

[66] Adapted from Jury Charge at 2886, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

[67] Adapted from Sand, Instr. 52-19S.

[68] Adapted from Sand, Instr. 52-21.

[69] Adapted from Sand, Instr. 52-19S.

[70] Adapted from Sand, Instr. 52-19S; Jury Charge at 1655-56, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503.

[71] Adapted from Sand, Instr. 52-23.

**PROPOSED INSTRUCTION NO. 26**

**Count One: Racketeering Conspiracy – Second Element – Membership in the Conspiracy**

The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the conspiracy charged in the indictment.[72]

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of the conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objective as an associate or worker?[73]

"Knowingly" means that the defendant acted purposefully and voluntarily, and not because of ignorance, mistake, accident, coincidence, or carelessness. The government must prove that the defendant acted knowingly by his conduct and by all of the facts and circumstances surrounding the case.[74]

"Willfully" means that the defendant acted with a bad purpose, and with knowledge that his conduct was unlawful. The government must prove that the defendant acted

---

[72] Adapted from Sand, Instr. 52-30.

[73] Adapted from Sand, Instr. 52-30; Sand, Instr. 57-24; Jury Charge at 1237, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251.

[74] Adapted from Sand, Instr. 3A-1.

with the intent to do something the law forbids, meaning that he was aware of the general wrongfulness of his acts.[75]

In this regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have a stake in the venture or its outcome. Although proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.[76]

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly and willfully joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement.[77]

It is important for you to note that each defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.[78]

To become a member of a conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their

---

[75] Adapted from Sand, Instr. 3A-3; Sand, Instr. 57-24; *United States v. Kukushkin*, 61 F.4th 327, 332 (2d Cir. 2023) ("[W]hen used in the criminal context, a willful act is one undertaken with a bad purpose. In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful.") (internal quotation marks and citation omitted); Jury Charge at 1237, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251.

[76] Adapted from Sand, Instr. 52-30.

[77] Adapted from Sand, Instr. 52-30.

[78] Adapted from Sand, Instr. 52-30.

activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.[79]

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law.[80] Nor is merely being associated with an enterprise, even in a significant capacity, by itself a violation of RICO. There is no such thing as guilt by association.[81] What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.[82]

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.[83]

---

[79] Adapted from Sand, Instr. 52-30, Jury Charge at 2882-83, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

[80] Adapted from Sand, Instr. 52-30.

[81] Adapted from Jury Charge at 1654, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503; Sand, Instr. 19-6.

[82] Adapted from Sand, Instr. 52-30, Jury Charge at 2884, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587

[83] Adapted from Sand, Instr. 52-30, Jury Charge at 2884, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

**PROPOSED INSTRUCTION NO. 27**

**Count One: Racketeering Conspiracy – Third Element – Agreement to Commit Predicate Acts[84]**

The third element that the government must prove beyond a reasonable doubt is that one of the defendants or another member of the conspiracy agreed to commit two predicate racketeering acts.[85]

The focus of this element is on each defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. For each defendant, the government must prove that he participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved, the commission of at least two predicate racketeering acts. For each defendant, the government is not required to prove either that he agreed to commit two predicate racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.[86]

For the purposes of this count, the indictment alleges that the following predicate racketeering acts were or were intended to be committed as part of the conspiracy:

- Offenses involving fraud in the sale of securities, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; and

---

[84] Adapted from Sand, Instr. 52-31.

[85] Adapted from Sand, Instr. 52-31.

[86] Adapted from Sand, Instr. 52-31, Jury Charge at 2890, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

- Offenses involving fraud in the sale of securities, in violation of Title 18, United States Code, Section 1348; [and]
- [Acts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud).][87]

Again, the government must prove that at least two of these predicate acts were, or were intended to be, committed as part of the conspiracy.[88]

I will now instruct you on the definition of each predicate act that Count One alleges constitutes a pattern of racketeering activity.[89] I remind you that in order to return a guilty verdict, you must be unanimous as to which two or more related predicate acts of racketeering were committed to constitute the charged pattern of racketeering activity.[90]

---

[87] Mr. Hwang and Mr. Halligan filed a motion together with the Requests to Charge and Verdict Form seeking dismissal of Count Eleven of the Indictment as contrary to the Supreme Court's unanimous decision in *Ciminelli v. United States*, 598 U.S. 306, 317 (2023) (reversing wire fraud convictions under 18 U.S.C. § 1343 based on "right to control" theory). Here, the "[a]cts indictable under Title 18, United States Code, Section 1343 (relating to wire fraud)" listed as predicate acts in Count One suffer from the same fatal flaw as the alleged conduct in Count Eleven: they are based on the impermissible "right to control" theory. Accordingly, this Court should not instruct the jury that wire fraud is a predicate-act offense category by which the activity of the enterprise is alleged to have been carried out. In the event that this Court rejects the defendants' position, Mr. Hwang and Mr. Halligan respectfully request that this Court submit the proposed Predicate Act Three charges set forth at *infra* Proposed Instructions Nos. 40-44.

[88] Adapted from Sand, Instr. 52-31, Jury Charge at 2890, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

[89] Adapted from Jury Charge at 1657, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503, Jury Charge at 2892, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

[90] Adapted Jury Charge at 1656, *United States v. Cammarano*, 18-cr-15 (AKH) (S.D.N.Y. Mar. 12, 2019), ECF No. 503, Jury Charge at 2892, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

## PROPOSED INSTRUCTION NO. 28

**Predicate Act One: Securities Fraud[91]**
**(Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5)**

The first way in which the activity of the enterprise is alleged to have been carried out is securities fraud, in violation of Title 15, United States Code Section 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5. Title 15, United States Code, Section 78j(b) provides, in relevant part, that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any security-based swap agreement, … any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Rule 10b-5 as promulgated by the Securities and Exchange Commission reads as follows:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

[91] Adapted from Sand, Instr. 57-18; Jury Charge at 7202-03, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

**PROPOSED INSTRUCTION NO. 29**

**Predicate Act One: Elements of Title 15 Securities Fraud**[92]

In order to prove that a defendant is guilty of Title 15 securities fraud, the government must establish beyond a reasonable doubt the following three elements:

First, that in connection with the sale of a security, the defendant did any one or more of the following:

(1) Employed a device, scheme, or artifice to defraud; or

(2) Made an untrue statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading; or

(3) Engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, that the defendant acted willfully, knowingly, and with the intent to defraud.

Third, that the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

I will now instruct you on each of these elements in more detail.

---

[92] Adapted from Sand, Instr. 57-20; Jury Charge at 7203-04, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 3950, *United States v. Blaszczak*, No. 1:17-cr-357-LAK (S.D.N.Y. Apr. 27, 2018), ECF No. 331.

**PROPOSED INSTRUCTION NO. 30**

**Predicate Act One: First Element - Fraudulent Act**[93]

The first element of securities fraud that the government must prove beyond a reasonable doubt is that, in connection with the sale of the At-Issue Securities, the defendants did any one or more of the following:

(1) Employed a device, scheme, or artifice to defraud; or

(2) Made an untrue statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading; or

(3) Engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.[94]

As an initial matter, you should be aware that the At-Issue Securities are "securities" within the meaning of federal law.

It is not necessary for the government to establish all three types of unlawful conduct in connection with the sale or purchase of the At-Issue Securities. Any one will be sufficient for a conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven.

I will now explain a number of terms used in this provision. A "device, scheme or artifice to defraud" is merely a plan for the accomplishment of any fraudulent objective. "Fraud" is a general term that embraces all efforts and means that individuals devise to take

---

[93] Adapted from Sand, Instr. 57-21; Jury Charge at 7204-05, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[94] Adapted from Sand, Instr. 57-21; Jury Charge at 7204-05, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

unfair advantage of others. The law that the defendants are alleged to have violated prohibits all kinds of manipulative and deceptive acts.[95]

You cannot find that the government has proven the first element unless you find that the defendant you are considering participated, or agreed to participate, in fraudulent conduct that was "in connection with" a sale of securities.[96]

This element of the offense requires the government to prove a specific link between the defendant's alleged deceptive and fraudulent conduct, on the one hand, and the sale of securities, on the other hand.

When considering whether this link has been established, you may consider only the conduct, if any, that you found was deceptive and fraudulent and was material to Archegos's counterparties.

This element is not met simply because an alleged fraud happens to involve securities, or that Archegos and a defrauded party were counterparties to a securities transaction.[97]

---

[95] Adapted from Sand, Instr. 57-21; Jury Charge at 7204-05, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[96] Adapted from Jury Charge at 7206, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[97] *See Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, No. 96-cv-2549, 1997 WL 97837, at *6 (S.D.N.Y. Mar. 6, 1997) (dismissing claim brought by securities clearing broker against bank, where the broker alleged that the bank had misrepresented that funds were available to purchase the securities at issue); *see also Chem. Bank*, 726 F.2d at 943 (dismissing claim where securities were pledged as collateral in the transaction in which fraud was alleged to have occurred). Rather, the government must specifically demonstrate that the alleged fraud was connected to the purchase, sale, or offer of securities. *Id.*; *see also Manufacturers Hanover Tr. Co. v. Smith Barney, Harris Upham & Co. Inc.*, 770 F. Supp. 176, 181 (S.D.N.Y. 1991) ("something more than a 'de minimis' relationship between the fraudulent scheme and the purchase or sale of securities is required").

Rather, it requires a specific type of connection or nexus between the alleged conduct and a particular securities sale.

To establish the specific required link, the government must prove both that the deceptive conduct coincided with particular securities sales, and that the deceptive conduct was material to the decision of one or more individuals to sell particular securities. If the alleged deceptive conduct and the purchases or sales of securities were independent events, or if the alleged deceptive conduct did not make a significant difference to someone's decision to purchase or sell particular securities, then the "in connection with" requirement is not satisfied.[98]

You may find the "in connection with" requirement has been established only if the defendant's deceptive conduct concerned the value, nature, or investment characteristics of the securities that the counterparty sold.[99]

---

[98] *See SEC v. Zandford*, 535 U.S. 813, 819-22 (2002) ("It is enough that the scheme to defraud and the sale of securities coincide."); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006) (holding that the in-connection-with requirement is satisfied by proof that the alleged fraud "coincide[d] with a securities transaction[]"); *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387 (2014) (reaffirming *Dabit* and adding a requirement that the misrepresentation must be "material to a decision by one or more individuals . . . to buy or to sell[,]" or must "make[] a significant difference to someone's decision to purchase or to sell").

[99] *See*, *e.g.*, *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 96 (2d Cir. 2018) ("A claim fails where the plaintiff does 'not allege that [a defendant] misled him concerning the value of the securities he sold or the consideration he received in return,'" and plaintiff "received exactly what it expected" in disputed securities transactions) (alteration in original) (quoting *Saxe v. E.F. Hutton & Co.*, 789 F.2d 105, 108 (2d Cir. 1986); *Taylor v. Westor Cap. Grp.*, 943 F. Supp. 2d 397, 403 (S.D.N.Y. 2013) ("[C]ourts have drawn a line separating fraud claims that impact the fundamental valuation of the securities at issue, and the operation of securities markets, as distinguished from those that do not."); *Manufacturers Hanover Tr. Co. v. Smith Barney, Harris Upham & Co. Inc.*, 770 F. Supp. 176, 181 (S.D.N.Y. 1991) ("Misrepresentations or omissions involved in a securities transaction but not pertaining to the securities themselves cannot form the basis of a violation of Section 10(b) or Rule 10b–5."); *Prod. Res. Grp., L.L.C. v. Stonebridge Partners Equity Fund, L.P.*, 6 F. Supp. 2d 236, 240 (S.D.N.Y. 1998) (misrepresentations are not made "in connection with the purchase or sale of securities [when they do] not pertain to the value, nature or investment characteristics of the securities in issue"); *Abrash v. Fox*, 805 F. Supp. 206, 208 (S.D.N.Y. 1992) ("[E]ven when there is a clear causal connection between the misrepresentations and the investment decision, there is no securities law

If the conduct did not concern the value, nature, or investment characteristics of the securities, then this element is not satisfied. Conduct that relates only to the terms of the relationship between Archegos and its counterparty does not meet this requirement.[100] Similarly, conduct related to Archegos's borrowing money for the purpose of conducting securities transactions cannot satisfy this element.[101]

In considering whether this "in connection with" element has been met, you should also consider the timing of the defendant's alleged conduct in relation to the particular securities sale at issue. Conduct *after* a sale cannot have "coincided with" such purchase or sale,[102] and cannot have been material to such sale. With respect to conduct *before* sales, you

---

violation unless the misrepresentations or omissions involved in a securities transaction pertain to the securities themselves."); *Crummere v. Smith Barney, Harris Upham & Co.*, 624 F. Supp. 751, 755 (S.D.N.Y. 1985) ("The Second Circuit court has stated that the misrepresentation must relate to the securities alleged to satisfy the purchase and sale requirement, and not just to the transaction in its entirety.").

[100] *See Bissell v. Merrill Lynch & Co.,* 937 F. Supp. 237, 242–44 (S.D.N.Y.1996), *aff'd*, 157 F.3d 138 (2d Cir. 1998) (failure to disclose interest that was earned on collateral deposited to cover short sales was not a misrepresentation "in connection with" the sale of securities, but pertained instead "to the terms of the relationship between the broker and the customer.");

[101] *See*, *e.g.*, *Chem. Bank*, 726 F.2d at 943 ("in connection with" requirement not satisfied where bank was defrauded into making lending decisions based upon misrepresentations relating to certain stock pledged as collateral for a loan); *Levitin v. PaineWebber, Inc.*, 933 F. Supp. 325, 329 (S.D.N.Y. 1996), a*ff'd*, 159 F.3d 698 (2d Cir. 1998) (dismissing securities fraud claim based on the defendant's nondisclosure of interest earned on collateral posted to cover short sale because the nondisclosure related only "to the terms of the relationship between the broker and the customer"); *Bissell*, 937 F. Supp. at 243-44 (same); *Alex, Brown*, 1997 WL 97837 at *6 ("in connection with" prong not met where the misrepresentations pertained to the status of an investor's "credit and the availability of funds in his account").

[102] *See Plumbers & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 104 (2d Cir. 2021) (holding that plaintiff cannot maintain securities fraud claim based exclusively on statements made after final purchase of securities).

should consider whether the passage of time leads to the conclusion that the sale did not "coincide with" the statement or was not material to the sale.

## PROPOSED INSTRUCTION NO. 31

**Predicate Act One: First Element – Manipulative Act or Device**

With respect to the first element of securities fraud, the government alleges that the defendants manipulated the prices of the At-Issue Securities.[103] The word "manipulation" is virtually a term of art when used in connection with securities markets.[104] Manipulation occurs when a person engages in market activity aimed to deceive investors about how other market participants have valued a security.[105] The government must prove that the defendants engaged in intentional and willful conduct designed to deceive or defraud investors by artificially distorting the prices of the At-Issue Securities, such that the prices of those securities were not governed by the natural interplay of supply and demand.[106] In other words, an act is manipulative if it is designed to deceive or defraud others by sending a false pricing signal to the market.[107]

---

[103] Indictment ¶ 74(a).

[104] Adapted from Jury Charge at 1350-51, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; Adapted from Jury Charge at 2586, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976).

[105] Adapted from Jury Charge at 2586, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007).

[106] Adapted from Jury Charge at 7209-10, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Adapted from Jury Charge at 2586, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976); *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 76 (2d Cir. 2021); *Gurary v. Winehouse*, 190 F.3d 37, 45 (2d Cir. 1999).

[107] Adapted from Jury Charge at 1350, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; Adapted from Jury Charge at 2586, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Set Capital LLC v. Credit Suisse Grp. AG*,

To be manipulative, the act must also be material.[108] Material information in this context is information that a reasonable investor would have considered significant in deciding whether to buy, sell or hold securities, and at what price to buy or sell securities. Put another way, there must be a substantial likelihood that the information at issue would have been viewed by the reasonable investor as having significantly altered the total mix of information available.[109]

Your consideration of the element of materiality must be based on the facts existing at the time the actions alleged by the government were committed; materiality cannot be judged in hindsight.[110] In determining whether certain information is material, you must

---

996 F.3d 64, 76 (2d Cir. 2021); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007).

[108] *See United States v. Gramins*, 939 F.3d 429, 444 (2d Cir. 2019) ("A conviction for securities fraud pursuant to 15 U.S.C. § 78j(b) requires the government to prove that, 'in connection with the purchase or sale of a security the defendant, acting with scienter, made a material misrepresentation (or a material omission if the defendant had a duty to speak) or used a fraudulent device.'" (quoting *United States v. Vilar*, 729 F.3d 62, 88 (2d Cir. 2013))); *Basic Inc. v. Levinson*, 485 U.S. 224, 232 (1988) (adopting standard of materiality "for the § 10(b) and Rule 10b-5 context"); *see also* Gov't Request to Charge, Request No. 27, *United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK) (S.D.N.Y. Aug. 21, 2023), ECF 214 ("[A] scheme to defraud, false statement, misleading omission, or deceptive act, practice, or course of conduct must be material under the circumstances.").

[109] *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (to find materiality, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."); *In re ProShares Tr. Sec. Litig.,* 728 F.3d 96, 102 (2d Cir. 2013) (to establish materiality, government must present evidence of "a substantial likelihood that the disclosure of the [truth] would have been viewed by the reasonable investor as having significantly altered the total mix of information [already] made available" (quoting *DeMaria v. Andersen,* 318 F.3d 170, 180 (2d Cir. 2003)).

[110] *See United States v. Martoma*, 993 F. Supp. 2d 452, 457 (S.D.N.Y. 2014) ("The determination of materiality is to be made upon all the facts as of the time of the transaction and not upon a 20-20 hindsight view long after the event." (quoting *Spielman v. Gen. Host Corp.*, 402 F. Supp. 190, 192-94) (S.D.N.Y. 1975))).

consider this issue from the perspective of a reasonable investor, and not from the perspective of individuals who may possess information and perspectives different than a reasonable investor. Any testimony that you may have heard with respect to whether a particular fact would or would not have been important to that witness or to investors in general reflects that witness's individual views. Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been significant to a reasonable investor in making an investment decision.[111]

Of course, the sale of any security, or securities-based swap, may be engaged in for investment reasons, and the mere fact that a transaction affected market prices does not render it manipulative.[112] The fact that a purchaser of a securities-based swap is not required

---

[111] Adapted from Jury Charge at 7208, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; *see also United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) ("Determination of materiality under the securities laws is a mixed question of law and fact that the Supreme Court has identified as especially 'well suited for jury determination'" (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1298 (2d Cir. 1991))).

[112] Adapted from Jury Charge at 7210, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 1350-51, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 77 (2d Cir. 2021) ("[I]t is generally true that short selling or other hedging activity is not, by itself, manipulative—even when it occurs in high volumes and even when it impacts the market price for a security."); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007) ("[S]hort selling—even in high volumes—is not, by itself, manipulative. . . . To be actionable as a manipulative act, short selling must be willfully combined with something more to create a false impression of how market participants value a security."); *GLF Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 209 (3d Cir. 2001) ("[S]hort selling, even in large volumes, is not in and of itself unlawful and therefore cannot be regarded as evidence of market manipulation. That short selling may depress share prices, which in turn may enable traders to acquire more shares for less cash (or in this case, for less debt), is not evidence of unlawful market manipulation, for they simply are natural consequences of a lawful and carefully regulated trading practice."); *United States v. Mulheren*, 938 F.2d 364, 371 (2d Cir. 1991) (observing that significant trading over short time "alone . . . does not make the investor a manipulator"); *In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 539 (S.D.N.Y. 2008) ("[E]ntering into a legitimate transaction knowing that it will distort the market is not manipulation—only intent, not knowledge, can transform a legitimate transaction into manipulation.").

under Securities and Exchange Commission regulations to publicly disclose its swap positions does not render those transactions manipulative.[113] Accordingly, the government must prove beyond a reasonable doubt that the defendant engaged in the sale of any security, or securities-based swap, with the sole intent to (1) create a false impression of market activity regarding the At-Issue securities, and (2) artificially distort the prices of the At-Issue securities, rather than for investment purposes.[114] If you conclude that the defendants purchased or sold any security, or securities-based swap, for any investment reason, then you cannot find that the defendants committed a manipulative act or device.[115]

[113] *See* 15 U.S.C. § 78m(d) and (g); *cf. GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 209 (3d Cir. 2001) (high-volume short selling "is not in and of itself unlawful" or "evidence of market manipulation," but is "a lawful and carefully regulated trading practice").

[114] Adapted from Jury Charge at 7210, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706 ("[T]he government must prove beyond a reasonable doubt that each defendant agreed to engage in conduct with the *sole* intent to (1) create a false impression of market activity regarding [the financial instrument], and (2) artificially distort the price of [the financial instrument], rather than for legitimate investment purposes.") (emphasis added); *United States v. Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991) ("Although we have misgivings about the government's view of the law, we will assume, without deciding on this appeal, that an investor may lawfully be convicted under Rule 10b–5 where the purpose of his transaction is *solely* to affect the price of a security.") (emphasis added); *Markowski v. SEC,* 274 F.3d 525, 528-29 (D.C. Cir. 2001) (holding that liability depends "entirely on whether the investor's intent was 'an investment purpose' or '*solely* to affect the price of [the] security.'") (internal citation omitted) (emphasis added); *SEC v. Masri,* 523 F. Supp. 2d 361, 372 (S.D.N.Y. 2007) ("[I]n order to impose liability for an open market transaction, the SEC must prove that *but for* the manipulative intent, the defendant would not have conducted the transaction") (emphasis in original).

[115] Adapted from Jury Charge at 7210, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 1351, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; *see United States v. Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991); *Markowski v. SEC*, 274 F.3d 525, 528-29 (D.C. Cir. 2001); *SEC v. Masri*, 523 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2007).

## PROPOSED INSTRUCTION NO. 32

### Predicate Act One: First Element – False and Misleading Statements

With respect to the first element of securities fraud, the government also alleges that the defendants obtained trading capacity, brokerage relationships, and specific margin rates through false and misleading statements to the Counterparties. As I have previously explained, it is for you to decide whether the statements at issue were made "in connection with" the purchase or sale of securities, as opposed other aspects of the business relationship between Archegos and the Counterparties.

With regard to the misrepresentations that the government alleges, you must determine whether the statement was true or false when it was made.[116] If you find that the government has established beyond a reasonable doubt that a statement was false, you must next determine whether the statement or omission was material under the circumstances.[117] I have already instructed you on the meaning of materiality. Material information in this context is information that a reasonable investor would have considered significant in deciding whether to buy, sell or hold securities, and at what price to buy or sell securities. Put another way, there must be a substantial likelihood that the information at issue would have been viewed by the reasonable investor as having significantly altered the total mix of information available.[118]

---

[116] Adapted from Sand, Instr. 57-21; Jury Charge at 808-809, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[117] Adapted from Sand, Instr. 57-21; Jury Charge at 809, *United States v. Guldi*, 19-cr-00126 (AKH) (S.D.N.Y. Jan. 24, 2023), ECF No. 159.

[118] *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (to find materiality, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available."); *In re ProShares Tr. Sec. Litig.,* 728 F.3d 96, 102 (2d Cir. 2013) (to establish materiality, government must present evidence of "a substantial likelihood that the disclosure of the [truth] would have been viewed by the reasonable investor as having significantly altered the

Your consideration of the element of materiality must be based on the facts existing at the time the actions alleged by the government were committed; materiality cannot be judged in hindsight.[119] In determining whether certain information is material, you must consider this issue from the perspective of a reasonable investor, and not from the perspective of individuals who may possess information and perspectives different than a reasonable investor. Materiality is an objective standard. Any testimony that you may have heard with respect to whether a particular fact would or would not have been important to that witness or to investors in general reflects that witness's individual views. Although you may consider such testimony, it is not controlling. In evaluating whether information is material from the perspective of a reasonable investor, you may also consider evidence and testimony regarding the course of dealings between Archegos and its Counterparties, although such evidence and testimony is not controlling.[120] It is for you to determine whether a particular fact would have been significant to a reasonable investor in making a final investment decision.[121]

---

total mix of information [already] made available" (quoting *DeMaria v. Andersen,* 318 F.3d 170, 180 (2d Cir. 2003))).

[119] *See United States v. Martoma*, 993 F. Supp. 2d 452, 457 (S.D.N.Y. 2014) ("The determination of materiality is to be made upon all the facts as of the time of the transaction and not upon a 20-20 hindsight view long after the event." (quoting *Spielman v. Gen. Host Corp.*, 402 F. Supp. 190, 194) (S.D.N.Y. 1975))).

[120] *See United States v. Kurland*, No. 20CR306S1NGG, 2022 WL 2669897, at *12 (E.D.N.Y. July 11, 2022) ("evidence of their course of dealing . . . is relevant").

[121] Adapted from Jury Charge at 7208, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; *see also United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) ("Determination of materiality under the securities laws is a mixed question of law and fact that the Supreme Court has identified as especially 'well suited for jury determination.'" (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1298 (2d Cir. 1991))).

**PROPOSED INSTRUCTION NO. 33**

**Predicate Act One: Second Element – Knowledge, Intent, and Willfulness**

The second element of securities fraud that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully, and with the intent to defraud.[122]

I have already instructed you on the meaning of knowingly and willfully, and you should follow those instructions here.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.[123] Under the anti-fraud statutes, *even* false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. I will instruct you on good faith near the end of my instructions.

---

[122] Adapted from Sand, Instr. 57-24; Jury Charge at 7210, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[123] Adapted from Sand, Instr. 57-24; Jury Charge at 7210, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

**PROPOSED INSTRUCTION NO. 34**

**Predicate Act One: Third Element – Instrumentality of Interstate Commerce**

The third and final element of securities fraud that the government must prove beyond a reasonable doubt is that the defendants knowingly used, or caused to be used, an instrumentality of interstate commerce in furtherance of the scheme to defraud or fraudulent conduct.[124]

Examples of instrumentalities of interstate commerce include an interstate telephone call, use of the mails, or use of a facility of a national securities exchange, such as a stock trade made on the NASDAQ, the New York Stock Exchange, or over-the-counter markets.[125]

The government need not prove that a defendant was directly or personally involved in the use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of an instrumentality of interstate commerce, this element would be satisfied.[126]

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce contain the fraudulent material, or anything criminal or

---

[124] Adapted from Sand, Instr. 57-25; Jury Charge at 7210-11, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[125] Adapted from Jury Charge at 7211, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[126] Adapted from Sand, Instr. 57-25; Jury Charge at 7211, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

objectionable.[127]

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.[128]

---

[127] Adapted from Sand, Instr. 57-25; Jury Charge at 7211, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[128] Adapted from Sand, Instr. 57-25; Jury Charge at 7211-12, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

## PROPOSED INSTRUCTION NO. 35

**Predicate Act Two: Securities Fraud (Title 18, United States Code, Section 1348)**

The second way in which the activity of the enterprise is alleged to have been carried out is securities fraud, in violation of Title 18, United States Code Section 1348. This statute provides, in part, that:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice (1) to defraud any person in connection with any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 shall be guilty of a crime.

## PROPOSED INSTRUCTION NO. 36

**Predicate Act Two: Elements of Title 18 Securities Fraud**

In order to prove that a defendant is guilty of Title 18 securities fraud, the government must establish beyond a reasonable doubt the following three elements:

First, that there was a scheme or artifice (a) to defraud a person or (b) to obtain money or property by materially false and fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud;

And third, that the scheme or artifice was connected to the sale of stock in a company the securities of which were registered under Section 12 of the Securities Exchange Act of 1934, or was otherwise required to file reports under that Act.[129]

---

[129] Adapted from Jury Charge at 3972, *United States v. Blaszczak*, No. 1:17-cr-357-LAK (S.D.N.Y. Apr. 27, 2018), ECF No. 331; Jury Charge at 3210, *United States v. Milton*, No. 1:21-cr-478 (ER) (S.D.N.Y. Oct. 14, 2022), ECF No. 248; *United States v. Wey*, No. 15-cr-611 (AJN), 2017 WL 237651, at *9 (S.D.N.Y. Jan. 18, 2017).

## PROPOSED INSTRUCTION NO. 37

**Predicate Act Two: Title 18 Securities Fraud – First Element**

As to the first element, the government alleges that the defendants engaged in an illegal scheme or artifice to defraud to obtain trading capacity, brokerage relationships, and specific margin rates through false and misleading statements to Counterparties.[130] As I explained earlier, a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses or promises is really a plan to accomplish those ends.[131]

To prove this element, the government must prove that depriving a person of money or property was the object of the defendant's alleged scheme or artifice. It is not sufficient if the deprivation of money or property was an incidental byproduct of the alleged scheme.[132] I am instructing you that trading capacity and the opportunity to trade at specified margin rates are not money or property.

---

[130] Indictment ¶ 74(b).

[131] Adapted from Jury Charge at 3972-73, *United States v. Blaszczak*, No. 1:17-cr-357-LAK (S.D.N.Y. Apr. 27, 2018), ECF No. 331.

[132] *See Kelly v. United State*s, 140 S. Ct. 1565, 1573 (2020) (explaining that property must be an "object of the fraud" and that "[a] property fraud conviction cannot stand when the loss to the victim is only an incidental byproduct of the scheme.").

## PROPOSED INSTRUCTION NO. 38

**Predicate Act Two: Title 18 Securities Fraud – Second Element**

The second element of Title 18 securities fraud requires that the government prove beyond a reasonable doubt that the defendants knowingly and willfully participated in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud. In making this determination, you should use the same definitions for "knowingly" and "willfully" that I have already given you.[133] "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.[134]

---

[133] Adapted from Jury Charge at 3972-73, *United States v. Blaszczak*, No. 1:17-cr-357-LAK (S.D.N.Y. Apr. 27, 2018), ECF No. 331.

[134] Adapted from Jury Charge at 3211, *United States v. Milton*, No. 1:21-cr-478 (ER) (S.D.N.Y. Oct. 14, 2022), ECF No. 248; *see also* Sand, Instr. 44-5; *United States v. Wey*, No. 15-cr-611 (AJN), 2017 WL 237651, at *9 n.6 (S.D.N.Y. Jan. 18, 2017) ("'[B]ecause the text and legislative history of 18 U.S.C. § 1348 clearly establish that it was modeled on the mail and wire fraud statutes,' an analysis of Section 1348 'should be guided by the caselaw construing those statutes.'" (quoting *United States v. Motz*, 652 F. Supp. 2d 284, 296 (E.D.N.Y. 2009))).

## PROPOSED INSTRUCTION NO. 39

**Predicate Act Two: Title 18 Securities Fraud – Third Element**

The third element of Title 18 securities fraud requires the government to prove beyond a reasonable doubt that the scheme or artifice was connected to the sale of stock in a company the securities of which were registered under Section 12 of the Securities Exchange Act of 1934, or was otherwise required to file reports under that Act.[135] I previously defined for you what it means for an alleged scheme or artifice to be "in connection with" the sale of securities, and you should use that definition here. The parties agree that the At-Issue Securities were "securities registered under Section 12 of the Securities Exchange Act," as required under the statute.

[135] Adapted from Jury Charge at 3972-73, *United States v. Blaszczak*, No. 1:17-cr-357-LAK (S.D.N.Y. Apr. 27, 2018), ECF No. 331.

## PROPOSED INSTRUCTION NO. 40

**Predicate Act Three: Wire Fraud (Title 18, United States Code, Section 1343)**

The third and final way in which the activity of the enterprise is alleged to have been carried out is wire fraud, in violation of Title 18, United States Code Section 1343. This statute provides, in part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be guilty of a crime.

**PROPOSED INSTRUCTION NO. 41**

**Predicate Act Three: Elements of Wire Fraud**

In order to prove that a defendant is guilty of wire fraud, the government must establish beyond a reasonable doubt the following three elements:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

And third, that in execution of that scheme, the defendant used or caused the use of interstate wires.[136]

[136] Adapted from Sand, Instr. 44-3; Jury Charge at 2893, 2900-2901, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

## PROPOSED INSTRUCTION NO. 42

### Predicate Act Three: Wire Fraud – First Element

The government alleges that the defendants obtained trading capacity, brokerage relationships, and specific margin rates through false and misleading statements to the Counterparties.[137] The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud the Counterparties of money or property by means of false or fraudulent pretenses, representations, or promises.[138]

I previously defined "scheme or artifice to defraud" for you, and you should use that definition here.[139]

A pretense, representation, statement, or document is fraudulent if it was made falsely and with intent to deceive. This element does not require that any particular person actually relied upon, or actually suffered damages, as a consequence of any fraudulent representation or concealment of facts. Nor need you find that any of the conspirators, including the defendants, profited from the fraud. You must concentrate on whether there was a scheme, not on the consequences of the scheme. Of course, proof concerning the accomplishment of the goals of the scheme may be evidence of the existence of the scheme itself.[140]

In addition, the false or fraudulent representation or failure to disclose must relate

---

[137] Indictment ¶ 74(b).

[138] Adapted from Sand, Instr. 44-4.

[139] Adapted from Jury Charge at 2893-94, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587; Sand, Instr. 44-4.

[140] Adapted from Jury Charge at 2895, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587; Sand, Instr. 44-4.

to a material fact or matter.[141] You should use the same instruction for materiality that I gave to you earlier.

To prove this element, the government must prove that depriving a person of money or property was the object of the defendant's alleged scheme or artifice. It is not sufficient if the deprivation of money or property was an incidental byproduct of the alleged scheme.[142] I am instructing you that trading capacity and the opportunity to trade at specified margin rates are not money or property.

[141] Adapted from Jury Charge at 2895, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587; Sand, Instr. 44-4.

[142] *See Kelly v. United State*s, 140 S. Ct. 1565, 1573 (2020) (explaining that property must be an "object of the fraud" and that "[a] property fraud conviction cannot stand when the loss to the victim is only an incidental byproduct of the scheme.").

**PROPOSED INSTRUCTION NO. 43**

**Predicate Act Three: Wire Fraud – Second Element**

The second element of wire fraud requires that the government prove beyond a reasonable doubt that the defendants knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.[143] In making this determination, you should use the same definitions for "knowingly" and "willfully" that I have already given you. "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.[144]

[143] Adapted from Sand, Instr. 44-5; Jury Charge at 2893, 2900-2901, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

[144] Adapted from Sand, Instr. 44-5.

## PROPOSED INSTRUCTION NO. 44

### Predicate Act Three: Wire Fraud – Third Element[145]

The third element of wire fraud requires that the government prove beyond a reasonable doubt that the defendants used interstate or international wire communications in furtherance of the alleged scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he caused the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment. However, the government does

[145] Adapted from Sand, Instr. 44-7; Jury Charge at 2901, *United States v. Zemlyansky*, No. 12-cr-171-01 (JPO) (S.D.N.Y. Mar. 18, 2015), ECF No. 1587.

not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

**PROPOSED INSTRUCTION NO. 45**

**Multiple Conspiracies**[146]

I have instructed you on the elements of the racketeering conspiracy charged in Count One and the specific racketeering acts that the government alleges were part of that conspiracy. In considering evidence of a racketeering conspiracy, whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I give you.

The government has charged the existence of a single racketeering conspiracy. A single conspiracy exists when two or more people join together to further one common unlawful design or purpose. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes, even if the conspiracies have similar goals or overlapping membership. For Count One, the government must convince you, beyond a reasonable doubt, that the racketeering conspiracy charged in the indictment existed and that the defendant you are considering was a member of that conspiracy. Proof of several separate and independent conspiracies is not proof of the single, overall racketeering conspiracy charged in Count One, unless one of the conspiracies proved is the single conspiracy described in Count One.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both. The fact that the members of a conspiracy may change does not necessarily imply that separate conspiracies exist. You may also find a single conspiracy even if there were two or more phases or spheres of operation, but only if the

---

[146] Adapted from Sand, Instruction 19-5; *see also* Jury Charge at 23, *United States v. Napout*, No. 15-cr-252 (PKC) (E.D.N.Y. Dec. 26, 2017), ECF No. 872; Jury Charge at 23-24, *United States v. Kaloyeros*, No. 16-cr-776 (VEC) (S.D.N.Y. July 12, 2018), ECF No. 784.

conspirators shared a common illegal goal, depended upon and assisted each other in that goal, and were aware that they were part of a larger group in which others performed similar roles.

If you find that the government has not proven that the racketeering conspiracy charged in Count One existed or that the defendant you are considering was a member of that conspiracy, then you must acquit the defendant of Count One. This is so even if you find that some conspiracy other than the one charged in the indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership. Proof that the defendant was a member of some other conspiracy is not enough to convict. If you find that the defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit the defendant of Count One.

**PROPOSED INSTRUCTION NO. 46**

**Count Two: Securities Fraud**
**(Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5)**

Now we will turn to Count Two of the Indictment. Count Two charges that Mr. Hwang committed the substantive offense of securities fraud from at least in or about 2020 up to and including at least in or about March 2021 by engaging in a scheme to manipulate the prices of the At-Issue Securities, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5. I have previously instructed you on the elements of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and you should follow those instructions here, with one exception. For Count One, Predicate Act One, I informed you that you may find fraudulent conduct in connection with the *sale* of securities. For Count Two, on the other hand, you may find fraudulent conduct in connection with either the sale *or purchase* of securities.[147]

[147] Adapted from Sand, Instr. 57-21; Jury Charge at 7206, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

**PROPOSED INSTRUCTION NO. 47**

**Counts Three through Nine: Market Manipulation – Introduction**

Similar to Predicate Act One in Count One and Count Two, Counts Three through Nine of the indictment allege market manipulation against Mr. Hwang, but under a different section of the Exchange Act. Therefore, the elements that the government must prove for Counts Three through Nine are somewhat different than the elements that I previously described for you.

As I explained earlier, Counts Three through Nine allege that Mr. Hwang engaged in a series of transactions in securities and securities-based swaps relating to certain enumerated securities in order to manipulate the market for those securities. As a reminder, those securities are:[148]

| Count | Company | Ticker |
|---|---|---|
| THREE | ViacomCBS | VIAC |
| FOUR | Discovery Communications, Inc. | DISCA |
| FIVE | Discovery Communications, Inc. | DISCK |
| SIX | GSX Techedu Inc. | GSX |
| SEVEN | iQIYI, Inc. | IQ |
| EIGHT | Tencent Music Group | THE |
| NINE | Vipshop Holdings Ltd | VIPS |

[148] Indictment ¶ 78.

**PROPOSED INSTRUCTION NO. 48**

**Counts Three through Nine: Market Manipulation – Statute**

The relevant statute for Counts Three through Nine is Title 18, United States Code Section 78i(a)(2), also known as Section 9(a)(2) of the Exchange Act. It reads in relevant part:

> It shall be unlawful for any person, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange
>
> . . .
>
> (2) To effect, alone or with 1 or more other persons, a series of transactions in any security . . . creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

## PROPOSED INSTRUCTION NO. 49

### Counts Three through Nine: Market Manipulation – Elements[149]

The purpose of Section 9(a)(2) is to ensure that securities trading is a reflection of genuine supply and demand instead of a mirage.[150] In order to prove that a defendant is guilty of market manipulation under Section 9(a)(2) of the Exchange Act, the government must establish beyond a reasonable doubt the following three elements for each of the counts alleged:

First, that the defendant directly or indirectly, alone or with others, effected a series of transactions in a security;

Second, that the series of transactions created actual or apparent active trading in the security, or raised or depressed the price of the security, in order to create a false impression of supply and demand for the purpose of inducing the purchase or sale of such security; and

Third, that in doing so the defendant used, or caused to be used, the mails, any means or instrumentality of interstate commerce, or any facility of a national securities

---

[149] Adapted from Jury Charge at 2595-96, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 61-62 (S.D.N.Y. 2017).

[150] *Crane Co. v. Westinghouse Air Brake Co.*, 419 F.2d 787, 794 (2d Cir. 1969) (Section 9(a)(2)'s "purpose was to outlaw every device used to persuade the public that activity in a security is the reflection of a genuine demand instead of a mirage") (internal quotation marks and citation omitted); *SEC v. Malenfant*, 784 F. Supp. 141, 144 (S.D.N.Y. 1992) ("The central purpose of section 9(a) is not to prohibit market transactions which may raise or lower the price of securities, but to keep an open and free market where the natural forces of supply and demand determine a security's price.") (citation omitted).

exchange.[151]

[151] Adapted from Jury Charge at 2595-96, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 61-62 (S.D.N.Y. 2017).

**PROPOSED INSTRUCTION NO. 50**

**Counts Three through Nine: Market Manipulation – Element One**

To effect a transaction in a security means to place a bid to buy or an offer to sell a security on a securities exchange.[152] It does not require that a purchase or sale actually be executed.[153] The phrase "series of transactions" means three or more transactions.[154] Placing the order on an exchange may be done directly or indirectly and either alone or with others.[155]

---

[152] Adapted from Jury Charge at 2596, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 62 (S.D.N.Y. 2017).

[153] Adapted from Jury Charge at 2596, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 62 (S.D.N.Y. 2017).

[154] Adapted from Jury Charge at 2596, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *In re Kidder, Peabody & Co.*, 18 S.E.C. 559, 1945 WL 332559, at *7 (Apr. 2, 1945).

[155] Adapted from Jury Charge at 2596-97, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 62 (S.D.N.Y. 2017).

## <u>PROPOSED INSTRUCTION NO. 51</u>

**Counts Three through Nine: Market Manipulation – Element Two**
**Creating Actual or Apparent Trading in a Security, or Raising or Depressing the Price of a Security, to Create a False Impression of Supply and Demand for the Purpose of Inducing the Purchase of Sale of Such Security**

Like Section 10(b) of the Exchange Act, Section 9(a)(2) of the Exchange Act is designed to create securities markets where prices are based on the free and honest balancing of supply and demand.[156] Section 9(a)(2) does not prohibit all transactions that tend to raise or lower the price of a security or that cause other investors to trade in a security.[157] Rather, Section 9(a)(2) outlaws only those series of transactions used to deceive the public into believing that activity in a security is the reflection of genuine supply or demand, when instead it is a mirage.[158] The essence of manipulation under Section 9(a)(2) is the creation of a false impression of supply and demand.[159]

[156] Adapted from Jury Charge at 2597, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556.

[157] Adapted from Jury Charge at 2597, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Chris-Craft Indus., Inc. v. Piper Aircraft Corp.*, 480 F. 2d 341, 383 (2d Cir. 1973).

[158] Adapted from Jury Charge at 2597, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Crane Co. v. Westinghouse Air Brake Co.*, 419 F.2d 787, 794 (2d Cir. 1969) (Section 9(a)(2)'s "purpose was to outlaw every device used to persuade the public that activity in a security is the reflection of a genuine demand instead of a mirage") (internal quotation marks and citation omitted); *SEC v. Malenfant*, 784 F. Supp. 141, 144 (S.D.N.Y. 1992) ("The central purpose of section 9(a) is not to prohibit market transactions which may raise or lower the price of securities, but to keep an open and free market where the natural forces of supply and demand determine a security's price.") (citation omitted).

[159] Adapted from Jury Charge at 2597, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Crane Co. v. Westinghouse Air Brake Co.*, 419 F.2d 787, 794 (2d Cir. 1969); *SEC v. Malenfant*, 784 F. Supp. 141, 144 (S.D.N.Y. 1992).

You should use the definition of manipulation that I have already given you.[160] As I outlined previously, the word "manipulation" is virtually a term of art when used in connection with securities markets.[161] Manipulation occurs when a person engages in market activity aimed to deceive investors about how other market participants have valued a security.[162] The government must prove that the defendants engaged in intentional and willful conduct designed to deceive or defraud investors by artificially distorting the prices of the securities in question, such that the prices of those securities were not governed by the natural interplay of supply and demand.[163] In other words, an act is manipulative if it is designed to deceive or defraud others by sending a false pricing signal to the market.[164]

The government must prove beyond a reasonable doubt that Mr. Hwang engaged in a series of transactions with the sole intent to create a false impression of supply and demand

---

[160] Adapted from Jury Charge at 2597, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556.

[161] Adapted from Jury Charge at 1350-51, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; Adapted from Jury Charge at 2586, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976).

[162] Adapted from Jury Charge at 2586, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007).

[163] Adapted from Jury Charge at 7209-10, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Adapted from Jury Charge at 2586, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976); *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 76 (2d Cir. 2021); *Gurary v. Winehouse*, 190 F.3d 37, 45 (2d Cir. 1999).

[164] Adapted from Jury Charge at 1350, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; Adapted from Jury Charge at 2586, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 76 (2d Cir. 2021); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007).

by creating actual or apparent active trading, or raising or depressing the price of the At-Issue Securities, for the purpose of inducing the purchase or sale of the At-Issue Securities, rather than for investment purposes.[165] Specifically, if you conclude that Mr. Hwang directly or indirectly affected a series of purchases or sales of any of security for any investment reason, then you cannot find that Mr. Hwang committed a violation of Section 9(a)(2).[166]

If you find that Mr. Hwang directly or indirectly effected a series of transactions to create a false impression of supply and demand as described earlier, you must be unanimous

---

[165] Adapted from Jury Charge at 2597, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; Jury Charge at 7209-7210, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Jury Charge at 1350-51, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 76-77 (2d Cir. 2021) ("For market activity to 'artificially' affect a security's price, we generally ask whether the transaction or series of transactions sends a false pricing signal to the market or otherwise distorts estimates of the underlying economic value of the securities traded.") (internal quotation marks and citations omitted); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007) ("In identifying activity that is outside 'the natural interplay of supply and demand,' courts generally ask whether a transaction sends a false pricing signal to the market."); *United States v. Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991) ("Although we have misgivings about the government's view of the law, we will assume, without deciding on this appeal, that an investor may lawfully be convicted under Rule 10b–5 where the purpose of his transaction is *solely* to affect the price of a security.") (emphasis added); *Markowski v. SEC,* 274 F.3d 525, 528-29 (D.C. Cir. 2001) (holding that liability depends "entirely on whether the investor's intent was 'an investment purpose' or '*solely* to affect the price of [the] security.'") (internal citation omitted) (emphasis added)); *SEC v. Masri,* 523 F. Supp. 2d 361, 372 (S.D.N.Y. 2007) ("[I]n order to impose liability for an open market transaction, the SEC must prove that *but for* the manipulative intent, the defendant would not have conducted the transaction") (emphasis in original); *In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 539 (S.D.N.Y. 2008) ("[E]ntering into a legitimate transaction knowing that it will distort the market is not manipulation—only intent, not knowledge, can transform a legitimate transaction into manipulation.").

[166] Adapted from Jury Charge at 7209-7210, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 76-77 (2d Cir. 2021); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007); *United States v. Mulheren*, 938 F.2d 364, 368 (2d Cir. 1991); *Markowski v. SEC,* 274 F.3d 525, 528-29 (D.C. Cir. 2001); *SEC v. Masri,* 523 F. Supp. 2d 361, 372 (S.D.N.Y. 2007); *In re Amaranth Nat. Gas Commodities Litig.*, 587 F. Supp. 2d 513, 539 (S.D.N.Y. 2008).

as to whether the series of transactions (1) created actual or apparent trading in a security, or (2) raised or depressed the price of the security, or (3) did both.[167]

[167] Adapted from Jury Charge at 2597, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556.

## PROPOSED INSTRUCTION NO. 52

### Counts Three through Nine: Market Manipulation – Element Three

The third element that the government must prove beyond a reasonable doubt in order to find Mr. Hwang guilty of market manipulation under Section 9(a)(2) is that the defendant used, or caused to be used, the mails, any means or instrumentality of interstate commerce, or any facility of a national securities exchange. I have already instructed you on the meaning of the terms that appear in this third element, and you should follow those instructions here.[168]

[168] Adapted from Jury Charge at 2595-96, *SEC v. Lek Sec. Corp.*, No. 17-cv-1789-DLC (S.D.N.Y. Nov. 7, 2019), ECF No. 556; *SEC v. Lek Sec. Corp.*, 276 F. Supp. 3d 49, 61-62 (S.D.N.Y. 2017).

**PROPOSED INSTRUCTION NO. 53**

**Count Ten: Securities Fraud**
**(Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5)**

Now we will turn to Count Ten of the Indictment. Count Ten charges that Mr. Hwang and Mr. Halligan committed the substantive offense of securities fraud from at least in or about 2020 up to and including at least in or about March 2021 by engaging in a scheme to defraud Archegos's counterparties through false and misleading statements regarding Archegos's business, portfolio, and assets, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5. I have previously instructed you on the elements of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and you should follow those instructions here. I remind you that you must be unanimous as to which conduct, if any, has been proven beyond a reasonable doubt.[169]

[169] Adapted from Sand, Instr. 57-21.

## <u>PROPOSED INSTRUCTION NO. 54</u>

### Count Eleven: Wire Fraud

**Mr. Hwang and Mr. Halligan filed a motion together with these Requests to Charge and Verdict Form seeking dismissal of Count Eleven as contrary to the Supreme Court's unanimous decision in *Ciminelli v. United States*, 598 U.S. 306, 317 (2023) (reversing wire fraud convictions based on "right to control" theory). As outlined in defendants' motion, Count Eleven alleges that defendants and others at Archegos "engaged in a scheme to defraud Archegos's trading counterparties of *their rights to control their assets*, and thereby exposed Archegos's counterparties to risk of economic harm, by false and misleading statements regarding Archegos's business, portfolio, and assets, including through interstate wires." Indictment ¶ 82 (emphasis added). This count must therefore be dismissed. In the event the Court denies defendants' motion, however, defendants' respectfully request the opportunity to submit a proposed charge as to Count Eleven.**

## PROPOSED INSTRUCTION NO. 55

### Good Faith

Good faith on the part of the defendants is a complete defense to any of the charges in this case. If you find that a defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, he cannot be found guilty.[170] An honest mistake in judgment or an honest error in management or even carelessness does not rise to the level of criminal conduct. By way of example, if Mr. Hwang or Mr. Halligan honestly believed that his conduct was permissible, that would be a complete defense to the charges against him, even if that belief ultimately proved to be inaccurate.[171] Let me remind you that the defendants have no burden to prove good faith. Rather, the government must prove bad faith and intent to defraud beyond a reasonable doubt. If the evidence in this case leaves you with a reasonable doubt as to whether a defendant acted in bad faith, or with an intent to defraud, then you must find him not guilty.[172]

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would

---

[170] *See United States v. Goldstein,* 442 F.3d 777, 781–82 (2d Cir. 2006); *see also* Sand, Instr. 57-24; Jury Charge at 7175, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

[171] *See United States v. Ferguson,* 676 F.3d 260, 280 (2d Cir. 2011) (discussing good faith and noting that "[h]owever misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith"); *United States v. Afriyie,* 929 F.3d 63, 68 (2d Cir. 2019) (explaining that "the law is not violated if the defendant held an honest belief that his acts were proper"); *see also* Jury Charge at 7175, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Sand, Instr. 57-24.

[172] Adapted from Jury Charge at 3219, *United States v. Milton,* No. 21 Cr. 478 (ER) (S.D.N.Y. Oct. 14, 2022), ECF 248; Jury Charge at 7175, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706; Sand, Instr. 57-24.

work out so that no market participants would lose any money does not necessarily constitute good faith.[173]

[173] *See United States v. Calderon,* 944 F.3d 72, 90 (2d Cir. 2019) (explaining that the defendant's thinking or desire that something would "work out in the end" is not a defense); *see also* Sand, Instr. 57-24; Jury Charge at 7175-76, *United States v. Tuzman*, No. 15-cr-536-PGG (S.D.N.Y. Dec. 22, 2017), ECF No. 706.

**PROPOSED INSTRUCTION NO. 56**

**Compliance Policies (If Applicable)**

You have heard evidence in this case regarding a number of company internal compliance policies. These policies are not a substitute for the law. Companies adopt compliance policies for any number of reasons, and they impose different requirements on their employees than the law imposes. Therefore, even if you were to find that Mr. Hwang, Mr. Halligan, or any alleged co-conspirator violated an internal policy, that does not mean that there was a violation of a law. You may consider compliance policies solely as it may affect your consideration of whether the defendants and any alleged co-conspirators acted with willful intent to defraud.[174]

[174] Adapted from Jury Charge at 1372-73, *United States v. Phillips*, No. 22-cr-138-LJL (S.D.N.Y. Oct. 24, 2023), ECF No. 90; Jury Charge at 1320, *U.S. v. Flotron,* 17 Cr.220 (D. Conn. May 8, 2018), ECF. 234.

## **Conclusion**[175]

Your function now is to weigh the evidence in this case and to determine whether the government has proved beyond a reasonable doubt each and every element of the crimes charged.

You must base your verdict solely on the evidence or lack of evidence in this case and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question. I am sure that if you listen to the views of your fellow jurors, and if you apply your own common sense, you will reach a verdict in accordance with the evidence and the law.

Finally, let me state that your oath sums up your duty and that is: without fear or favor to anyone you will well and truly try the issues, based solely upon the evidence and this Court's instruction as to the law.

Members of the jury, that concludes my instructions to you. You may stand and stretch while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement. I ask you not to discuss the case because the case has not yet been formally submitted to you.

---

[175] Adapted from Jury Charge at 1263-64, *United States v. Seabrook*, 16-cr-00467 (AKH) (S.D.N.Y. Aug. 14, 2018), ECF No. 251.