

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 3, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Hwang and Halligan*,
             **S1 22 Cr. 240 (AKH)**

Dear Judge Hellerstein:

      The Government respectfully writes in opposition to defendant Bill Hwang's letter motion (Dkt. 213), filed at 8:39 this morning, seeking to cross-examine Dr. Taveras regarding an investigation into conduct that is entirely unrelated to any aspect of this case, but happens to have concerned individuals who worked at one of Archegos's counterparties. Such testimony would not shed light on any fact at issue in this case and would serve only to malign a victim and should be precluded.

      Specifically, the defendant seeks to cross-examine Dr. Taveras regarding her knowledge of an investigation into whether individuals at Morgan Stanley disclosed certain information regarding upcoming block sales to potential buyers in contravention of promises of confidentiality to sellers. This conduct did not concern any block sales in which Archegos or its assets participated in any fashion. In particular, despite the defendant's insinuation that "[t]he Morgan Stanley desk that was the subject of the SEC resolution for information leaking and front-running in connection with its block sale practices executed such block trades for Archegos during its final week in March 2021" (Dkt. 213 at 1), the Government has previously disclosed to the defense that the block trades that were executed during Archegos's final week in March 2021 were not the subject of any investigation into block trading practices. In other words, it is not accurate to suggest that any potentially improper conduct at Morgan Stanley had any relevance to the sale of Archegos's assets.[1] Further, neither the conduct nor the investigation of block trades at Morgan Stanley was

---

[1] Similarly, the defendant suggests that "[d]ocuments in discovery indicate that Archegos was one of the block-trading sellers during the time Morgan Stanley was engaged in its illegal block-trading practices." (Dkt. 213 at 2). But as noted above, and as the defense is aware, the block trades at issue in that investigation did not concern any block trade that included Archegos's assets.

known to either defendant or anyone else at Archegos, and therefore cannot be relevant to either defendant's *mens rea* with respect to the conduct at issue here.

The defendant nonetheless seeks to question Dr. Taveras about this unrelated investigation, purportedly because it would counter Dr. Taveras's testimony that it was unusual for Archegos to build positions of such great concentration through swaps, and therefore without gaining voting or control rights. There is no connection between that testimony and what the defendant now seeks to elicit from Dr. Taveras. Whether anyone at Morgan Stanley engaged in any improper practice with respect to block trading did not in any way influence Mr. Hwang's investment strategy, given that he had no knowledge of that conduct nor of the investigation, which post-dated the conduct at issue here. And were this testimony to be elicited, the Government would be forced to offer evidence regarding this separate investigation and its lack of connection to any fact in dispute here—all of which would be distracting and wasteful of the jury's time.

In short, the investigation into Morgan Stanley's practices has no factual connection to this case whatsoever and could not bear on the defendant's knowledge or intent in any way. The only effect of eliciting this testimony, therefore, would be to suggest that Morgan Stanley as an entity was bad or did something wrongful, which is both irrelevant and unfairly prejudicial. Indeed, the defense has repeatedly, despite the Court's rulings, sought to cast blame on victims in this case, including by asking questions about internal investigations and discipline at the counterparties. The Court should preclude these improper questions and arguments.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/_____
    Matthew Podolsky
    Alexandra Rothman
    Samuel P. Rothschild
    Andrew Thomas
    Assistant United States Attorneys
    Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)