

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 24, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Hwang and Halligan*,
      **S1 22 Cr. 240 (AKH)**

Dear Judge Hellerstein:

  The Government respectfully writes in response to defendant Bill Hwang's letter, dated June 23, 2024, seeking permission to cross examine William Tomita regarding (1) discussions with outside counsel, and (2) Tomita's vacations during the summer of 2021. (Dkt. No. 231). Both of these topics are irrelevant and present a profound danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. The requests should be denied.

   **I.**  **Cross-Examination Regarding Conversations with Outside Counsel**

  On June 14, 2024, Tomita testified that in June 2020, he consulted Archegos's compliance function regarding certain trading guidelines that Hwang had proposed to institute. (Tr. 3310-16). Tomita explained that Hwang became irate and yelled at him, saying that "we should never be approaching compliance for anything without checking with him first." (Tr. 3315). Hwang now argues that cross-examination regarding Tomita's interactions with Archegos's outside counsel— interactions as to which Archegos has not waived privilege—would provide fair response to Tomita's testimony.

  To the contrary, the fact that Archegos had outside counsel and that Tomita may have, from time to time, been involved in conversations with them regarding various unspecified topics sheds no light on the fact that Hwang insisted that Tomita not speak with compliance without checking with Hwang first. There is therefore no relevance to this topic.

  Moreover, invoking the general presence of outside attorneys in this manner would be profoundly misleading and should also be precluded under Federal Rule of Evidence 403. As the Government noted in its motion *in limine* on this issue, in the absence of evidence to support an advice-of-counsel instruction, defendants have sometimes sought to offer evidence of lawyers' involvement in allegedly inculpatory events to support an argument that the defendant lacked

intent to defraud. As judges have observed, however, such evidence "can pose a substantial risk of misleading the jury." *United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK), 2024 WL 477043, at *3 (S.D.N.Y. Feb. 7, 2024). Indeed, as the Court noted during the final pretrial conference, "if you bring out that lawyers were present, it's the same thing" as raising an advice of counsel defense. (Apr. 11, 2024 Tr. 93; *see also id.* at 94 ("I would like you to be put on notice that talking about presence of lawyers just because they are present is not going to be allowed.")). A "jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of a transaction." *SEC v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013). Such a misunderstanding would unfairly prejudice the Government because it would "give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense." *Id.*

The defendant's letter suggests that he intends to elicit this testimony in a particularly prejudicial and misleading manner. Specifically, "the defense *will not* ask the witness to describe the advice sought from or provided by counsel, or otherwise suggest that Archegos adopted (or chose not to adopt) certain practices or procedures based on the advice of counsel." (Dkt. 231 at 2). "Rather, the defense will seek to elicit testimony regarding the involvement of counsel only for the limited permissible purpose of rebutting the prosecution's narrative on direct and demonstrating Archegos's good faith in executing its trades—something the prosecution has put directly at issue in this trial." (*Id.*). In other words, the defendant seeks to put before the jury that outside attorneys were generally present and consulted, but prevent the jury from learning the actual nature of the consultation—leaving room for the incorrect inference that attorneys were consulted regarding the trading behavior at issue in this case.

Particularly given that this sort of general consultation with attorneys has no probative value, and yet presents a palpable danger of unfair prejudice, confusion, and misleading the jury, the defendant should be precluded from eliciting Tomita's conversations with outside attorneys.

## II. Cross-Examination Regarding Tomita's Vacation and Related Subjects

The defendant renews his request—previously denied by the Court—to cross-examine Tomita regarding his vacation in the summer of 2021. The defendant contends that the testimony would belie "that Mr. Tomita was 'in so much pain' and struggling with the weight of his alleged criminal behavior at Archegos for 'the months prior' to the FBI's search on September 29, 2021." (Dkt. 231 at 3). In fact, people can struggle emotionally even while on vacation, and the fact that Tomita may have been in Saint-Tropez or attending a polo tournament at some point in the summer of 2021 sheds no light whatsoever on the veracity of his testimony. There is nothing inconsistent about Tomita's lifestyle and the fact that he was aware that he had committed the crimes to which he subsequently pled guilty.

Even if there were any probative value to this testimony, it would be far outweighed by the unfair prejudice of the topic. As the Court made clear previously, "[w]hether Mr. Tomita is rich or poor, whether he plays polo or baseball, whether he's in San-Tropez or in Miami Beach, Florida

or in New York City is not relevant to this case." (Tr. 4034). Eliciting testimony from Tomita on this topic would only risk provoking a juror into making a decision based on an emotional and improper basis. Indeed, the lengthy text message exchanges that the defendant has marked as exhibits and apparently seeks to introduce on this topic are nothing more than casual banter among friends or acquaintances with no relevance to any issue in dispute in this case. The effect—if not the purpose—of introducing these text message exchanges would be purely to make Tomita look bad for discussing the prices of expensive airfare and hotel rooms, for example. Cross-examination on these topics should not be permitted.

\* \* \*

For the reasons set forth above, the defendant's requests to cross-examine Tomita regarding conversations with Archegos's outside counsel and his vacation and related subjects should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _s/_____
Matthew Podolsky
Alexandra Rothman
Samuel P. Rothschild
Andrew Thomas
Assistant United States Attorneys
Tel.: (212) 637-1947/-2580/-2504/-2106

Cc: Counsel of Record (via ECF)