# Kramer Levin



**Barry H. Berke**
Partner
**T** 212.715.7560
**F** 212.715.7660
bberke@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

**June 24, 2024**

**BY ECF**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *United States v. Sung Kook (Bill) Hwang, et al.*, No. 22 Cr. 240 (AKH)

Dear Judge Hellerstein:

     On behalf of defendant Bill Hwang, we respectfully write in response to the prosecution's objections regarding the anticipated testimony and slides of its expert witnesses, Dr. Michael Johannes and Dr. Sunil Wahal. ECF No. 233. Putting aside aesthetic objections to Dr. Wahal's slides, the prosecution's objections are largely aimed at Dr. Johannes's anticipated testimony—namely, that Dr. Johannes should be precluded from drawing comparisons to the performance of the rest of the market. But comparisons of this sort are standard modes of analysis. Indeed, much of the materials Dr. Johannes will present are merely responsive to the prosecution's own expert witness, Dr. Carmen Taveras, who repeatedly compared Archegos to market-wide indicia in both her testimony and the slides she presented. Moreover, as reflected below, many of the prosecution's arguments are moot, because the defense does not intend to offer many of the slides cited by the prosecution. Accordingly, the Court should deny the prosecution's motion.

**I.    The Court Should Permit Dr. Johannes to Testify Regarding Price Changes of Stocks During the Relevant Time Period.**

     The prosecution first objects that the defense seeks to offer "close to twenty different charts" reflecting market-wide changes in other securities. Had the prosecution conferred with the defense in advance, they would have learned that the defense intends to offer only three of the objected-to charts. Given this streamlined presentation, the prosecution's concerns about wasting time are unfounded.

     The slides Dr. Johannes intends to use, which are copied below, are a direct rebuttal to much of Dr. Taveras's testimony.

 



Dr. Taveras repeatedly drew market-wide comparisons when assessing the performance of the at-issue securities. *See* GX-9005A at 90 (comparing the performance of Archegos's portfolio to the SPY ETF); Trial Tr. 2226:7-11 (June 3, 2024) ("THE COURT: Why do you conduct that type of comparison? . . . A. Because it's a way to measure if a fund is overperforming the general market or underperforming the general market.").




*See also* GX-9005A at 95 (comparing the performance of one at-issue security to the performance of two metrics—one an index, the other an ETF—reflected in the blue and yellow lines); Trial Tr. 2266:1-25 (June 3, 2024) (Dr. Taveras describing the chart).



In response to these charts, Dr. Johannes undertook a quantitative analysis to determine whether the price increases in Archegos's stocks were unusual. His analysis illustrates that the one-year period following COVID—in other words, the period of the Indictment—was a particularly extraordinary time in the markets, in which thousands of public companies experienced dramatic price increases. This analysis is critical to understanding whether market conditions contributed to the positive performance of Archegos's stocks, and it is directly responsive to Dr. Taveras's comparison of Archegos's performance to indices and ETFs. It also illustrates that this period presented a unique opportunity for investors to make outsized gains.






## II. The Court Should Permit Dr. Johannes to Testify Regarding the Concentration of Archegos's Portfolio Relative to Other Investors.

Despite the fact that Dr. Taveras testified about Archegos's concentration levels relative to other investors, the prosecution now objects to Dr. Johannes's anticipated testimony on the same topic. *See, e.g.*, Trial Tr. at 2055:1-4 (May 30, 2024) (Taveras) ("A. . . . It is rare to have – to see such a great concentration when you don't have controlling ownership of a public company."); *see also* GX-9005A at 6 (analyzing the relative concentration of the at-issue long securities in Archegos's portfolio) (below).



Dr. Johannes's anticipated testimony merely shows that Mr. Hwang's decision to pursue a concentrated investment strategy (as he had done historically) was a legitimate one—and that concentrated investment strategies, standing alone, are not unusual (let alone indicative of manipulative intent), as Dr. Taveras suggested.[1]

---

[1] Whatever differences may exist between Archegos and the companies Dr. Johannes uses as comparators—an individual-company analysis Dr. Taveras did not even attempt to perform

- 4 -

 

### III. The Court Should Permit Dr. Johannes to Testify Regarding the Effect on Capital of Market Movements in March 2021

As a final point of contention, the prosecution objects to Dr. Johannes's slides showing the effect declines in two unrelated sectors of Archegos's portfolio—U.S. streaming companies, and Chinese ADRs—had on Archegos's capital levels between March 19 and March 25, 2021. But these slides serve to rebut the prosecution's contention that Archegos was a "house of cards" by showing Archegos was not destined to collapse as it did. Trial Tr. 32:9-14 (May 13, 2024) (prosecution's opening statement). Instead, as Dr. Johannes will testify, several unrelated events occurred in short succession, which Archegos may well have survived but for those extraordinary coincidences.[2]

---

before opining on it—do nothing to undermine the point that concentrated investing is a strategy other investors use.

[2] As for the methodology underlying this analysis, the title of these slides aptly describes the method Dr. Johannes used—namely, subtracting the effects on capital caused by the stock-price declines in the relevant sectors over the time period described in the slide. This analysis will aid the jury by showing them the effects of two unrelated declines on Archegos's capital level, which is critical to understanding the effects of the extraordinary coincidences occurring over that time.

 

## IV. The Government's Objections to Dr. Wahal's Testimony Are Moot

The prosecution raised three objections to Dr. Wahal's charts, but the defense has since modified the charts to address the objections. Accordingly, these objections are moot.

\* \* \*

For these reasons, Mr. Hwang respectfully requests that the Court overrule the prosecution's objections to the anticipated testimony of its expert witnesses, Dr. Johannes and Dr Wahal.

Respectfully submitted,

*/s/ Barry H. Berke*

Barry H. Berke
Dani R. James
Jordan Estes
Michael Martinez

cc: Counsel of record