# KLARIS

> The documents will be unsealed unless, by noon of Nov. 19, 2024, good cause for sealing is shown by any victim so claiming.
>
> 11-14-24
>
> /s/ A. K. Hellerstein

November 12, 2024

<u>VIA FEDERAL EXPRESS</u>

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:      <u>United States v. Hwang, No. 1:22-cr-240 (AKH)</u>

Your Honor:

      I write on behalf of non-party Bloomberg L.P. ("Bloomberg") to respectfully request access to documents from various banks and financial institutions that were filed by the Government under seal in connection with the pending sentencing of the Defendants in this proceeding. See Docket Nos. 323 and 328.[1] The Government has described these filings as "submissions that the Government received from [] victims of the Defendants' crimes who are seeking restitution in connection with sentencing." Id. The submissions in question were made by Credit Suisse, Jefferies, MUFG, UBS, Macquarie, and Nomura.[2] The only justification for sealing proffered by the Government is that the submissions contain "personal identifying information and other sensitive victim information."

      As the Court is aware, the public and the press (serving as the eyes and ears of the public) have a presumptive First Amendment right of access to criminal proceedings and records. See <u>Press Enterprise Co. v. Superior Court of California</u>, 464 U.S. 501, 508 (1984) ("<u>Press Enterprise I</u>"). The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." <u>Press–Enterprise Co. v. Superior Court</u>, 478 U.S. 1, 13-14 (1986) ("<u>Press-Enterprise II</u>").

      Separate from the First Amendment presumption of access, "[t]he existence of [a] common law right to inspect and copy judicial records is beyond dispute." <u>Application of Nat'l Broad. Co., Inc.</u>, 635 F.2d 945, 949 (2d Cir. 1980); see also <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006). A document filed with a court that is "relevant to the

---

[1] Non-parties such as Bloomberg have standing to intervene in criminal proceedings to assert the public's right of access. <u>United States v. Aref</u>, 533 F.3d 72, 81 (2d Cir. 2008).

[2] The Government also references a submission from a former Archegos employee named Cindy Huang. <u>See</u> Docket No. 323. Bloomberg does not seek to unseal Ms. Huang's submission.

# KLARIS

performance of the judicial function and useful in the judicial process" is a "judicial document" to which the common law presumption of access attaches. Lugosch, 435 F.3d at 119, quoting United States v. Amodeo, 44 F.3d 141 (2d Cir. 1995).

This right of access applies fully to matters related to sentencing. The Second Circuit has held that "[t]he public and press have a qualified First Amendment right of access to plea and sentencing proceedings." United States v. Alcantara, 396 F.3d 189, 191–92 (2d Cir. 2005). In particular, it is well established that sentencing-related documents, including letters, are subject to the presumption of access. United States v. King, 2012 WL 2196674 (S.D.N.Y. Dec. 4, 2013) (Koeltl, J.) ("This right of access extends to materials submitted to the Court in connection with sentencing that the Court is asked to consider . . . Such materials include, for example, letters submitted in support of the defendant's sentencing submissions and medical records on which the Court is asked to rely as a factor in mitigation in favor of the defendant"). Thus, in King, the court ordered public disclosure of both the defendant's and the government's sentencing memoranda with certain very limited redactions. Similarly, in United States v. Dwyer, 2016 WL 2903271 (S.D.N.Y. May 18, 2016) (Nathan, J.), the court ordered that letters submitted on behalf of the defendant by friends and family members be publicly filed. See also United States v. Huntley, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013) ("Sentencing proceedings are presumed to be open to the public under the First Amendment's right of access to judicial proceedings and documents . . . Documents used in aid of sentencing are independently presumed to be open to the public pursuant to the common law right of public access"); United States v. Gotti, 2017 WL 5027990, at *1 (E.D.N.Y. Oct. 30, 2017) ("documents submitted to the court for the purposes of sentencing are presumptively public").

Like the documents at issue in the above cases, the submissions by the banks here are "documents submitted to the court for the purposes of sentencing," United States v. Gotti, supra, and there has been no showing that sealing is essential to preserve higher values. The only interest identified by the Government is the assertion that the submissions contain "personal identifying information and other sensitive victim information." See Docket Nos. 323 and 328. It is not clear why submissions by a bank, as opposed to an individual, would contain "personal identifying information," but to the extent that any truly confidential personal identifying information is present, redaction rather than complete sealing would be the appropriate remedy in light of the requirement of narrow tailoring. United States v. Mullins, No. 22-CR-120 (JGK), 2023 WL 3159418, at *3 (S.D.N.Y. Apr. 26, 2023) (ordering "narrowly tailored redactions to certain Sealed Materials [] to protect the sufficiently compelling interest in preserving the privacy of the defendant's home address and other personal identifying information.")

As for the Government's vague reference to "other sensitive victim information," such a generalized assertion does not come close to justifying sealing. United States v. King, supra, 2012 WL 2196674 at *2 ("While the defendant makes a generalized assertion of privacy to support her argument that all sentencing submissions should be sealed, 'a formulaic recitation of [a privacy] interest will not suffice to justify sealing'") (citation omitted); see also Joy v. North, 692 F.2d 880, 894 (2d Cir. 1982) ("a naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal").

# KLARIS

While privacy and financial concerns of innocent third parties can in some circumstances weigh against the presumption of access, that is much less true where, as here, the third parties are publicly traded companies and the documents in question relate to matters of concern to their shareholders and the public at large. Joy, 692 F.2d at 894 (rejecting sealing where "Citytrust is a publicly owned company and this litigation directly concerns management's obligations to shareholders"); United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) (noting that "financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public" and citing to Joy as example of case where "the involvement of a publicly owned company and management's relationship to the public shareholders weighed in favor of unsealing a special litigation committee's report"). And even where courts have permitted limited redaction of sensitive financial information, the documents in question have generally involved propriety non-public information, the disclosure of which would harm the party's economic interests. See, e.g., Dodona I, LLC v. Goldman, Sachs & Co., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting limited redaction of "customers' internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"). No such showing has been made here – indeed, no showing of any sort has been made. And again, even if truly sensitive financial information sufficient to justify closure were present, redaction rather than complete sealing would be the appropriate remedy. Mullins, supra, 2023 WL 3159418, at *3 (rejecting government request to seal search warrant materials in their entirety where "disclosure of the Sealed Materials with appropriately tailored redactions strikes the proper balance between the strong presumption of public access [] and the compelling countervailing interests [in protecting law enforcement techniques and privacy interests]"); United States v. Schulte, No. 17-CR-548 (JMF), 2024 WL 1526151, at *8 (S.D.N.Y. Apr. 9, 2024) (rejecting argument that complete sealing of transcripts was narrowly tailored to protect national security and ordering disclosure of transcripts with appropriate redactions).

Sealing is particularly inappropriate here because representatives of each of the banks have already testified at trial regarding the fraud and its impact, and details of the banks' victimization and losses have otherwise been made public during these proceedings and in related press coverage. Since this information is therefore already public, there is no justification for sealing submissions that refer to the same information. Grossberg v. Fox Corp., 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) (courts "routinely deny sealing requests where ... the information to be sealed is already publicly available); Charlemagne v. Educ. All., Inc., 2022 WL 1421480, at *2 (S.D.N.Y. May 5, 2022) (denying redaction request as "futile" where information in question was already public); cf. Press-Enterprise II, 478 U.S. at 14 (preliminary hearing in criminal case could be closed "only if specific findings are made demonstrating that [] there is a substantial probability ... that closure would prevent" the harm at issue).

# KLARIS

Accordingly, in light of the strong presumption of openness that attaches to the documents in question and the lack of any apparent overriding interest in keeping them secret, Bloomberg respectfully requests that the documents be unsealed, subject only to whatever narrowly tailored redactions the Court finds essential to preserve higher values.

Sincerely,

Matthew A. Leish

cc:    Counsel of record (via email)