WILMERHALE

Peter G. Neiman

+1 212 295 6487 (t)
+1 212 230 8888 (f)
peter.neiman@wilmerhale.com

September 9, 2024

**FOIA CONFIDENTIAL TREATMENT REQUESTED
BY WILMER CUTLER PICKERING HALE AND DORR LLP
PURSUANT TO 5 U.S.C. § 552 AND 28 C.F.R. § 16**

*By Email*

Andrew Thomas, Esq.
United States Attorney's Office for
  the Southern District of New York
26 Federal Plaza
New York, NY 10278

**Re: United States v. Hwang**

Dear Mr. Thomas:

      I write on behalf of Nomura Securities International, Inc. ("NSI") regarding your July 17, 2024 call. Thank you for reaching out regarding NSI's status as a victim under 18 U.S.C. § 3771 in the case of *United States v. Hwang*, 1:22-cr-00240 (S.D.N.Y.) (the "Case"). As a statutory victim in the Case, NSI and its affiliated entities seek restitution to cover the direct transaction losses of $2,308,422,273.45 caused by the defendants in the Case (*see* the documents produced at NSI-ACM-00038001 through NSI-ACM-00038008), less $219,255,301 already recovered.

      We would appreciate if you could include this information in your submission to the United States Probation Office for the Southern District of New York in connection with the pre-sentence investigations into the defendants in the Case. Should you need any additional information to support this restitution claim, please let me know.

*  *  *

      On behalf of NSI, Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") requests confidential treatment of this letter (the "Confidential Material") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and applicable regulation 28 C.F.R. § 16.8. Accordingly, this letter has been marked "Confidential Treatment Requested by Wilmer Cutler Pickering Hale and Dorr LLP."

      The Confidential Material concerns or may concern customarily non-public, confidential, and privileged business, commercial, and personal information concerning NSI, other Nomura entities, and/or their personnel. The Confidential Material is exempt from public disclosure under

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

*Confidential Treatment Requested by Wilmer Cutler Pickering Hale and Dorr LLP*
*Exempt from FOIA*

WILMERHALE

one or more provisions of FOIA and has been appropriately marked to reflect this status. *See, e.g.,* 5 U.S.C. § 552(b)(3) (protecting matters specifically exempted from disclosure by statute); 5 U.S.C. § 552(b)(4) (protecting trade secrets and confidential and privileged financial and commercial information); 5 U.S.C. § 552(b)(6) (protecting personnel and similar files the disclosure of which would constitute an unwarranted invasion of personal privacy); 5 U.S.C. § 552(b)(7) (protecting certain records or information compiled for law enforcement purposes); 5 U.S.C. § 552(b)(8) (protecting information related to specified reports prepared by, on behalf of, or for the use of agencies which regulate financial institutions). Moreover, disclosure of this Confidential Material may be prohibited under 18 U.S.C. § 1905, and further protections may be available under the Privacy Act of 1974, 5 U.S.C. § 552a.

Pursuant to 28 C.F.R. § 16.8(d), (e), and (f), and on behalf of NSI, WilmerHale requests prompt notification in the event that your office, in response to a request under FOIA, contemplates the disclosure of any of the Confidential Material. NSI also requests that it be furnished a copy of all written materials pertaining to such request (including, without limitation, the request itself) and be given advance notice of any intended release so that we may, if deemed necessary or appropriate, pursue any remedies available. NSI stands ready to further substantiate its request for confidential treatment and to request a hearing on the claim of exemption. The Confidential Material remains the property of NSI. Accordingly, at the conclusion of this inquiry, we request that the Confidential Material (and any copies thereof) be returned to us.

If your office determines to transfer any of the Confidential Material to another federal agency, we request that you forward a copy of this letter to any such agency along with the Confidential Material. We also request that you indicate to any such agency that NSI has requested the return of the Confidential Material to the undersigned at the completion of the agency's efforts in this matter, and that this material be afforded confidential treatment.

This letter is not intended to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production. If it were found that the production of this letter constitutes a disclosure of otherwise privileged matters, such disclosure would be inadvertent, and NSI reserves the right to request the return of the material and all copies. By producing the Confidential Material, NSI does not intend to waive and has not waived the attorney-client privilege or any other protections. To the extent that the disclosure of a document is deemed to constitute a waiver of any privilege or protection that is otherwise available, such waiver should be deemed to constitute a limited waiver as to that particular document only.

*Confidential Treatment Requested by Wilmer Cutler Pickering Hale and Dorr LLP*
*Exempt from FOIA*

\*　　\*　　\*

Please do not hesitate to contact me if you have any questions about this matter.

Sincerely,

Peter G. Neiman

*Confidential Treatment Requested by Wilmer Cutler Pickering Hale and Dorr LLP*
*Exempt from FOIA*