UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                      :
                                              :   CONSENT PRELIMINARY ORDER
    - v. -                                    :   OF FORFEITURE/
                                              :   MONEY JUDGMENT
PATRICK HALLIGAN,                             :
                                              :   S1 22 Cr. 240 (AKH)
        Defendant.                            :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about January 18, 2024, PATRICK HALLIGAN (the "Defendant"), and another, was charged in three counts of an eleven-count Superseding Indictment, S1 22 Cr. 240 (AKH) (the "Indictment) with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); securities fraud in violation of Title 15, United States Code Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5 and Title 18, United States Code, Section 2 (Count Ten); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Eleven);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of (i) any interest acquired or maintained in violation of Section 1962; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, the enterprise named and described herein, which the Defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and (iii) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One of the Indictment, including but not limited to as sum of money in the amount of proceeds traceable to the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Ten and Eleven of the Indictment, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Ten and Eleven of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Ten and Eleven of the Indictment;

WHEREAS, on or about July 10, 2024, the Defendant was found guilty, following a jury trial of Counts One, Ten, and Eleven of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,085,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Ten, and Eleven of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant agrees to (i) make a payment to the Government in the amount of $500,000 towards the satisfaction of his forfeiture money judgment obligation within fourteen (14) days of the date of the entry of this Consent Preliminary Order of Forfeiture/Money Judgment (the "Initial Payment"); and (ii) a second payment in the amount of $500,000 in United States currency one year from the date of the entry of this Consent Preliminary Order of Forfeiture/Money Judgment (the "Second Payment", and together with the Initial Payment, the "Payments");

WHEREAS, the Government agrees to not seek the forfeiture of the real property located at 80 Twin Ponds Lane, Syosset, New York (the "Subject Property"), pursuant to Title 18, United States Code, Section 853(p), provided the Payments are made to the Government;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Ten, and Eleven of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Danielle R. Sassoon, United States Attorney, Assistant United States Attorneys Matthew Podolsky, Samuel P. Rothschild, Alexandra Rothman and Andrew Thomas, of counsel, and the Defendant and his counsel, Mary E. Mulligan, Esq. and Timothy Haggerty, Esq., that:

1. As a result of the offenses charged in Counts One, Ten, and Eleven of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $2,085,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One Ten and Eleven of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. The Defendant shall make the Initial Payment within fourteen (14) days of the date of the entry of this Consent Preliminary Order of Forfeiture/Money Judgment; and the Second Payment within one year from the date of entry of this Consent Preliminary Order of Forfeiture/Money Judgment.

4. In the event that the Defendant fails to make the Initial Payment or Second Payment within the periods of time set forth above (the "Time Period"), the Defendant may submit a request to the Government for a reasonable extension of the Time Period. The Government may in its discretion approve a request to extend the Time Period upon a showing of good cause by the Defendant.

5. The Government agrees not to take any action, pursuant to Title 18, United States Code, Section 853(p), seeking the forfeiture of substitute assets of the Defendant, including the Subject Property, during the Time Period. If the Defendant fails to make any of the Payments, the Government may take action pursuant to Title 18, United States Code, Section 853(p).

6. Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

8. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

11. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DANIELLE R. SASSOON
United States Attorney for the
Southern District of New York


By: _____          _____
    MATTHEW PODOLSKY                                    DATE
    SAMUEL P. ROTHSCHILD
    ALEXANDRA ROTHMAN
    ANDREW THOMAS
    Assistant United States Attorneys
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2580

PATRICK HALLIGAN

By: _____     _____
     PATRICK HALLIGAN                                    DATE


By: _____     _____
     MARY E. MULLIGAN, ESQ.                        DATE
     TIMOTHY HAGGERTY, ESQ.
     Attorneys for Defendant
     7 Times Square 28th Fl
     New York, NY 10036

SO ORDERED:


_____     _____
HONORABLE ALVIN K. HELLERSTEIN              DATE
UNITED STATES DISTRICT JUDGE